## WILLIAM ALLING v. J. O. WOODRUFF et als.

Where there are several joint obligees, an action to enforce the contract cannot be maintained in the name of one of the obligees only. It is a joint right of action which can only be exercised in a suit jointly instituted by all the obligees.

APPEAL from the Fourth District Court of New Orleans, *Price*, J. H. D. Ogden, for plaintiff. J. D. Augustin, for defendants and appellants.

LAND, J. In the suit of *Jacob Mussina* against *William Alling, Charles Stillman, Samuel A. Belden, Elisha Basse,* and *Robert H. Hord,* instituted in the Fourth District Court of New Orleans, the plaintiff was ruled to give security for the defendants' costs in the sum of one thousand dollars. And in pursuance of the order of the court, the plaintiff executed his bond in favor of the above named defendants, with *Martin Owen & Co.,* and *John O. Woodruff & Co.,* as his securities, conditioned for the payment of the defendants' costs, in the event of the failure of the plaintiff to obtain a final decree in his favor, or faithfully to discharge said costs in the above mentioned suit.

The plaintiff *Mussina* in that suit having failed to obtain a final decree in his favor, and having failed to discharge the costs incurred, the defendant *William Alling* paid the same, to the amount of five hundred and ninety dollars and seventy cents. And as one of the obligees in the bond, he has instituted this suit against the sureties of *Mussina* for the recovery of the amount of costs paid by him.

Before answering to the merits, the defendants filed an exception to the plaintiff's demand, on the ground that the bond sued on is a joint obligation in favor of all the defendants to the suit of *Mussina,* and that all of said joint obligees have not been made parties with the plaintiff to this suit.

The exception was overruled by the Judge *a quo;* and after answer filed, judgment was rendered in favor of the plaintiff against the sureties on the bond, and they have appealed and insist on the validity of their exception to the plaintiff's petition.

The bond given in the suit of *Mussina,* and on which this suit was instituted by the plaintiff, is a joint obligation in favor of all the defendants as joint obligees, and they must unite in order to enforce by action a per-

formance of the contract. In the case of a joint obligation as to the obligees, there arises in their favor only a joint right of action which can only be exercised in a suit jointly instituted by them. The law does not permit a multiplicity of suits on an obligation joint as to the obligors; nor does the law allow a multiplicity of actions for the enforcement of a contract joint as to the obligees.

The plaintiff's suit is on the bond in which the other obligees have a joint interest, and a judgment in favor of the plaintiff for the amount of costs paid, would not be a satisfaction of the bond as to the other obligees, even after payment, nor estop them from suing the defendants on the bond in a different suit, as a judgment would, if rendered on an obligation *in solido* in favor of the obligees. The defendants therefore have an interest in requiring all the obligees in the bond to be joined in a suit instituted to enforce a performance of the contract.

The exception was well taken and must be sustained.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and it is now ordered, adjudged and decreed, that the exception be sustained, and the suit dismissed at plaintiff's costs in both courts.