The rule thus announced fits the facts of this case perfectly.

It may be said, in passing, that the case of plaintiff against Richard, in which the $12,-000 judgment was recovered, was on devolutive appeal, affirmed by the Court of Appeal, First circuit (129 So. 250), and, on a writ of review granted to that court, was affirmed on its second hearing in this court, by judgment this day rendered. See Lawrason v. Richard, ante, p. 696, 135 So. 29.

The judgment herein is affirmed.

BRUNOT, J., dissents.

■

(136 So. 59)

**REED v. WARREN.**

**Ex parte WARREN.**
**No. 31182.**

June 22, 1931.

J. C. Henriques and Frank T. Doyle, both of New Orleans, for relator.

Edward Rightor and William H. Sellers, both of New Orleans, for respondent.

O'NIELL, C. J.

The question in this case is whether several persons having a right of action for damages against one who inflicted personal injuries causing the death of another must be made parties to one suit for damages, or may bring as many suits as there are persons entitled to the right of action. The cause of action alleged in this case is that, through the negligence of the defendant, Philip M. Warren, Mrs. Arabella Stevenson Reed, mother of the plaintiff, and Miss Sarah Jennie Reed, a sister of the plaintiff, were run over and killed by an automobile driven by the defendant. It is alleged that Miss

Reed died very soon after she was injured, and that Mrs. Reed died about eight hours afterwards. The surviving relations who have a right of action for damages for the injury and death of Mrs. Reed are her five sons and daughters, all being of the age of majority. Each one of them brought a separate suit, alleging the same facts and claiming the same amount of damages. Each plaintiff claimed $5,000 damages for the pain and suffering which Mrs. Reed had endured, $5,000 for the loss of her companionship and affection, and $100.45 for expenses incurred; and each plaintiff claimed $5,000 for the loss of the companionship and affection of Miss Reed, and $87.85 for expenses incurred in consequence of the fatal injuries inflicted upon her. The defendant, in the present suit, filed an exception of no cause or right of action for damages for the death of Miss Reed, and an exception of want of the necessary parties to the suit for damages for the injuries suffered by Mrs. Reed and for her death. The district judge sustained both exceptions, maintaining that the right of action for damages for the death of Miss Reed belonged only to her mother and abated at the latter's death, and that all of the surviving sons and daughters of Mrs. Reed were necessary parties to the action for damages for the personal injuries inflicted upon her and causing her death. The plaintiff was allowed twenty days in which to make his brothers and sisters parties to the suit. He appealed to the Court of Appeal, but, in that court, conceded that the judgment sustaining the exception of no cause or right of action for damages for the death of Miss Reed was in accord with the ruling of this court in Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740. In that case it was decided that, according to article 2315 of the Civil Code, as

amended by Act No. 159 of 1918, the mother's right of action for damages for fatal injuries inflicted upon her son abated at her death, notwithstanding she had brought suit for the damages, and notwithstanding the surviving brother and sisters of her deceased son had brought their suit, after their mother's death, within the year after their brother's death. The Court of Appeal, therefore, in the present case, affirmed the judgment sustaining the exception of no cause or right of action for damages for the death of Miss Reed. That decision is not complained of, and is final. The Court of Appeal, however, reversed the judgment of the district court on the exception of want of necessary parties to this suit for damages for the injuries which caused the death of Mrs. Reed—held that the brothers and sisters of the plaintiff were not necessary parties to the suit—and remanded the case for further proceedings consistent with the court's ruling. The case is before us on a writ of review issued at the instance of the defendant.

The case depends upon the construction to be put upon the provisions of article 2315 of the Civil Code, which, by the several amendments of the article, give a right of action for damages for the death of a person, in addition to the right of action in favor of certain surviving relations for damages for personal injuries suffered by a person who thereafter died. Under the article as originally enacted, which was article 16 of title 4, book 3 of the Digest of 1808, and which became article 2294 of the Civil Code of 1825, an action for damages for personal injuries abated on the death of the person injured. Hubgh v. N. O. & C. R. R. Co., 6 La. Ann. 498, 54 Am. Dec. 565. The article then merely declared: "Every act whatever of man, that causes damage to another,

obliges him, by whose fault it happened, to repair it." By Act No. 223 of 1855, the article was amended by the addition thereto: "The right of this action shall survive in cases of death in favor of the minor children and widow of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, for the space of one year from the death." As thus amended the article was adopted as article 2315 of the Civil Code in the revision of 1870. Even then, the article gave a right of action, to the survivors mentioned, for only such suffering as the injured person had endured, and gave no right of action for any loss or injury suffered by a surviving relation, by the death of a person fatally injured. Earhart v. N. O. & C. R. R. Co., 17 La. Ann. 243; McCubbin, Tutor, v. Hastings, 27 La. Ann. 713; Vredenburg v. Behan, 33 La. Ann. 627; Walton v. Booth, 34 La. Ann. 913; Van Amburg v. V., S. & P. Ry. Co., 37 La. Ann. 650, 55 Am. Rep. 517.

It was by Act No. 71 of 1884 that the article was amended so as to give to the survivors therein mentioned a right of action for the damages suffered by them by the death of the person fatally injured through the fault of another. The amendment consisted of the adding of this sentence: "The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child, or husband or wife, as the case may be." By Act No. 120 of 1908, the article was amended so as to extend the right of action to the brothers and sisters, or either of them, in the event that none of the relations already mentioned in the article survived the injured person. The amendment contained the proviso that, should the deceased leave a widow and minor children, the right of action would ac- crue to both the widow and minor children, and that the right of action would not accrue to major children except where there was neither a widow or minor child of the deceased. In the concluding sentence of the amendment, providing that the survivors above mentioned might recover also the damages suffered by them, the Legislature repeated the error which had been made in the act of 1884, of including the words "or husband." This was observed in Flash v. Louisiana Western Railroad Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112; where it was decided that the husband had no right of action for damages for the death of his wife, killed by a railroad train, the husband being not one of "the survivors above mentioned" in the statute. Thereafter, by Act No. 159 of 1918, the Legislature amended the article so as to give the surviving husband the same right of action that was theretofore given to the widow in case of the death of the spouse injured by the fault of another. That being the latest amendment of article 2315 of the Code, it reads now as follows:

"Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it; the right of this action shall survive in case of death in favor of the children or surviving spouse of the deceased or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving brothers and sisters or either of them, for the space of one year from the death; provided that should the deceased leave a surviving spouse, together with minor children, the right of action shall accrue to both the surviving spouse and minor children; provided further, that the right of action shall accrue to the major children only in cases where there

is no surviving spouse or minor child or children.

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent or child or husband or wife or brothers or sisters as the case may be."

██ The Court of Appeal, in this case, seems to have assumed that any one of the survivors mentioned in the statute, and having the right of action for damages for the personal injury inflicted upon the deceased, might bring two separate suits—one suit for the loss and suffering which the injured person had sustained, and for which he might have sued, and another suit for the damages which the survivors suffered by the death of the injured person, if his death resulted from the injury. We do not believe that the Legislature intended, by the act of 1884, to give to a survivor of a deceased person two separate and distinct rights of action, or the right to bring two suits—one suit for damages for the injury or loss suffered by the deceased, from personal injury inflicted upon him, and another suit for the damages suffered by the survivors by the death of the person injured, if the death resulted from the injury. The phraseology of the law on the subject, and its etymology and gradual development, show that the purpose of the Act No. 71 of 1884 was merely to give to the survivors, who were given a right of action by act No. 223 of 1855, the additional right to recover, in the same suit, the damages suffered by them by the death of the person injured. The concluding sentence of the statute, declaring that the survivors above mentioned may also recover the damages sustained by them by the death of the person, if fatally injured, would have nothing to rest upon if it were not connected with the opening sentence, declaring that every act whatever of man that causes

damages to another obliges him by whose fault it happened to repair it. It is only in those cases where the death is caused by the fault of another person that the survivors of the deceased have a right of action for the damages suffered by them in consequence of the death. As to the right of action for the loss or suffering endured by the injured person, for which he had a right of action for damages, the survivors have the right of action, in case of his death, and for the period of one year after his death, whether he dies in consequence of the injury or from some other cause. Chivers v. Roger, 50 La. Ann. 57, 23 So. 100; Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475; Thompson v. N. O. Ry. & Light Co., 145 La. 805, 83 So. 19; Flash v. Louisiana Western Railroad Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112. Kerner v. Trans-Mississippi Terminal Railroad Co., 158 La. 853, 104 So. 740.

It is to be observed that Act No. 223 of 1855 merely provided for the survival of "the right of this action"—meaning this right of action—which the injured person had; and, in Chivers v. Roger, 50 La. Ann. 57, 23 So. 100, and again in Flash v. Louisiana Western Railroad Co., 137 La. 352, 68 So. 636, L. R. A. 1916E, 112, it was observed that Act No. 71 of 1884 did not extend the right of action to any other survivors than those who were theretofore given the right of action, but merely gave them the right to recover also the damages sustained by them by the death of the person injured.

The most persuasive reason that we have for believing that the Legislature did not intend, by the act of 1884, to give to the survivors of a person injured, in the event of his death, the right to bring two separate suits for damages, one suit for the damages allowed by the act of 1855 and another suit for the additional damages allowed by the

act of 1884, is that the members of the bar seem to have construed the article of the Code, consistently, heretofore, during the forty-seven years that have elapsed since the article of the Code was amended by the act of 1884, as meaning that only one suit should be brought for both elements of damages. In that connection, one of the reasons given by Chief Justice Eustis, for the court, for refusing to grant a rehearing in Hubgh v. N. O. & Carrollton Railroad Co., 6 La. Ann. 510, 54 Am. Dec. 565, is appropriate. The suit was brought by the widow of Hubgh, for herself and their minor children, before the act of 1855 was adopted. The Chief Justice said:

"It is understood that the present action is founded upon the direct injury to themselves by the death of Hubgh, from the causes alleged in the petition; and is not attempted to be maintained as a right transmitted to them through the deceased. The right of action is claimed on the ground on which it has been allowed in France; the articles of the codes of that country and of Louisiana being identical, which provide that every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. Code Napoleon, 1382. L. C. 2294. A very thorough consideration of the subject brought us to the conclusion, that the interpretation and application of the article 1382 of the Code Napoleon, adapted by the Court of Cassation in relation to the responsibility of the slayer to the widow and heirs of the deceased, were not consistent with our jurisprudence, and consequently inadmissible. *We found no precedent for any such action, though, unfortunately, occasions for its exercise have been but too frequent within our borders; and with the learning and research which has distinguished our bar for nearly half a century, the singular fact remains unexplained, that up to the present suit no such*

*right of action has been asserted. There can have been but one cause for this; and that is, the universal conviction of the bench and the bar that no such action could be maintained.*" (The italics are ours.)

■ Having come to the conclusion that the right of action given by the act of 1884 is not independent of, but dependent upon, the right of action given by the act of 1855, we have no doubt that, when the right of action is vested in two or more survivors of the deceased injured person, the defendant in the suit has the right to insist that all parties having the right of action shall be made parties to the one suit. That is because the right of action for the damages suffered by the injured person, and for which his or her right of action is transmitted to the surviving relations by virtue of the statute, is for a sum of money in which, if there are two or more survivors entitled to the right of action, each has an equal interest. In other words, as the Court of Appeal says, if the deceased, Mrs. Reed, in this case, would be entitled to $5,000 for the suffering which she endured, each of her five sons and daughters is entitled to only $1,000, besides whatever any one of them may be entitled to for the loss of her companionship and affection. The amount which any one of the sons or daughters is entitled to for the loss of the *companionship and affection* of his or her mother may be more or less than the amount which any other of the sons or daughters is entitled to, according to the intimacy which existed between the mother and each of her sons and daughters; but that is no reason why the defendant should be subjected to the annoyance and expense of defending five, or perhaps ten, lawsuits, all founded upon the same cause of action and dependent upon the same relevant facts and the same defenses. Even if no damages were claimed

for the suffering endured by the deceased, Mrs. Reed, and if her sons and daughters were claiming damages only for the loss of her companionship and affection, the total amount of the damages suffered by all of them ought to be fixed in one suit and apportioned among the plaintiffs according to the loss sustained by each of them. The reason for that is that the damages, in that respect, are claimed for one tort—for the killing of one person—and hence there is only one cause of action, in which the right of each and every plaintiff to recover, though not the amount which each may recover, is dependent upon the same relevant facts and is subject to the same defenses. In that respect, the case is not at all like one in which two or more persons are injured or killed by one act of negligence or fault.

When, as in this case, two or more persons are entitled to share equally in the amount of damages claimed for the injuries inflicted upon one person by another, it would be anomalous to allow two or more courts or juries to fix the amount of damages to be paid for one and the same tort. The statute giving a right of action for damages for the death of a human being—even the last amendment of the statute—was enacted before the adoption of the Constitution of 1921, and at a time when actions for damages for personal injuries were appealable either to the Supreme Court or to the Court of Appeal, according to the amount in dispute. And in such cases the decisions of the court of appeal were not, and are not yet, subject to review except on questions of law. Hence it is not at all likely that the Legislature intended, by the statutes which gave a right of action for damages for the death of a person, or for personal injuries inflicted upon a person who afterwards died, that one of several persons having the right of action for injuries inflict-

ed upon one and the same person could, by bringing a separate action, have the amount of the damages fixed by the Court of Appeal, and that the others, by joining in one suit, could have the amount of the damages for the same tort fixed by the Supreme Court.

Adverting to the idea expressed by Chief Justice Eustis, in Hubgh v. N. O. & Carrollton Railroad Co., it is a significant fact that no one, heretofore, in the seventy-six years that have elapsed since the statute of 1855 was enacted, has attempted to split the right of action given by that statute or by the act of 1884, and bring two or more suits for one and the same cause of action, except in the one instance noted in Eichorn v. N. O. & C. R. Light & Power Co., 112 La. 236, 36 So. 335, 339, 104 Am. St. Rep. 437; in which case, although the defendant did not take exception to the want of necessary parties to the suit, the court took occasion to denounce the bringing of two or more suits instead of one suit, thus:

"The present suit is brought on behalf of the widow. Defendant's counsel inform us that a second suit, claiming damages for a like amount, has been brought on behalf of the children.

"No objection or exception was made to this course. We think it proper to say we do not think the lawmakers intended that there should be distinct suits before different juries, but that all the issues involved should be presented and disposed of at one and the same time."

The Court of Appeal, in this case, gave importance to the fact that, in refusing to grant a rehearing in the Eichorn Case, the Supreme Court declared that the judgment rendered in favor of the widow would leave to the minor children no cause of action except to recover the pecuniary loss sustained by them by the death of their father; but the reason for that declaration was that the word

"or" was substituted, in the act of 1884, for the word "and" in article 2315 of the Civil Code, in the expression "the right of this action shall survive in case of death, in favor of the minor children and widow of the deceased or either of them." The amendment made the article read: "minor children or widow of the deceased, or either of them." According to the amendment made by the act of 1918 the language now is: "Children or surviving spouse of the deceased or either of them." The meaning is that if there be a minor child or children and a surviving spouse, the survivors shall have the right of action jointly, and if there be a surviving spouse and no minor child, or only one minor child and no surviving spouse, the one survivor shall have the right of action. The change in the language, made by the act of 1884, was merely a matter of choice of expression, which did not change the meaning of the law.

The Eichorn Case was cited with approval in Davis v. Arkansas Southern Railroad Co., 117 La. 328, 41 So. 587, 590, where the defendant filed an exception of no cause or right of action, instead of an exception of nonjoinder or want of proper parties, to the suit brought by the widow of a man who was killed by a train of the railroad company; and the court said:

"There is no force in the objection urged that the plaintiff did not allege default of minor children. Her right of action is not conditioned upon the husband having left [no] minor children. If there were such children, and defendant believed they were necessary parties to the suit, it should have so alleged, pleaded an exception of nonjoinder, and insisted upon their being made parties, and not have set up the objection under an exception of no cause of action. See Eichorn v. N. O. & C. R. R. Co., 112 La. 251, 36 So. 335, 104 Am. St. Rep. 437."

The Court of Appeal quotes also from Underwood v. Gulf Refining Co., 128 La. 1002, 55 So. 641, where two brothers sued for damages for the death of their brother, who was killed on an oil derrick operated by the defendant; and the court expressed a doubt as to whether the fixing of the amount of damages due to each plaintiff was properly called "an apportionment" of the damages due for the killing of the man, as distinguished from the damages which he had suffered, and for which he might have sued. Whether the fixing of the amount of damages due to each plaintiff in such a case is properly called "an apportionment," or should have some other term, is, as the court intimated in the Underwood Case, a matter of little or no importance.

The Court of Appeal cites Clairain v. Western Union Telegraph Co., 40 La. Ann. 178, 3 So. 625, 626, as maintaining that it is "unobjectionable" for all of the beneficiaries under the act of 1855 and the act of 1884 to join in one suit. The suit was brought by the widow, for herself and as tutrix of her minor children, for damages for fatal injuries inflicted upon her husband. The defendant pleaded "that there was an improper joinder of parties upon distinct causes of action, and that the widow and children of the deceased could not, in the same suit, claim the damages which each have separately and distinctly sustained." The district judge overruled the exception, and this court affirmed the ruling, saying:

"We think the ruling of the judge a quo on these exceptions was proper. Considering that all the damages claimed resulted from one cause, and all parties in interest were before the court, and that the widow was suing both in her individual and representative capacities; and since a judgment final and conclusive as to all the parties could be rendered in the suit pending, it was better to

end the controversy in the one suit than to remit the plaintiff to two different actions."

In Alling v. Woodruff, 16 La. Ann. 6, the court said:

"In the case of a joint obligation as to the obligees, there arises in their favor only a joint right of action which can only be exercised in a suit jointly instituted by them. The law does not permit a multiplicity of suits on an obligation joint as to the obligors; nor does the law allow a multiplicity of actions for the enforcement of a contract joint as to the obligees."

It is true that in that case the court was dealing with an obligation arising ex contractu; but it is just as important to avoid a multiplicity of suits on obligations arising ex delicto as on obligations arising ex contractu.

In Hanton et al. v. N. O. & C. R. Light & Power Co., 124 La. 562, 50 So. 544, 548, the plaintiffs claimed damages for the destruction of their house by fire, through the fault or negligence of the defendant. The plaintiffs claimed the full amount of the loss, $26,785.53, notwithstanding they had been paid $18,500 by two insurance companies, to whom they had given a subrogation of their right of action against the defendant, to the extent of $18,500, and by whom they were authorized to prosecute the suit for the full amount of the loss. The defendant contended, by way of a request for a special charge to the jury, that the plaintiffs could recover only the amount for which they had not subrogated the insurance companies to their right of action. In sustaining the district judge's refusal to give the special charge, the court said:

"The effect of this would have been to have required that one single cause of action should be split into a number of actions, each action being by the assignee of a particular portion of the loss. Had the different parties partially interested in the loss brought separate actions, we think it can be safely assumed that the defendant would have urged as a legal proposition that the plaintiffs had no right to divide one single cause of action into a number to suit his convenience or his interests."

It is said in the opinion rendered by the Court of Appeal that, if the court should rule that all of the sons and daughters of the deceased, in a case like this, are necessary parties to the suit, and if one of them should be absent or unwilling to join in the suit, his or her absence or refusal to join in the suit would prevent the others from bringing the suit. The answer to that, as suggested by the district judge, is that the plaintiff or plaintiffs in such a case should have the party refusing to join in the suit cited and ordered to say whether he will join in the suit or abandon his claim for damages; and, in the event of the absence of one of the necessary parties to the suit, a curator or attorney to represent him should be appointed. Whether a judgment rendered against a curator or attorney appointed to represent an absentee, on his failure to join the plaintiffs in the suit, would foreclose the right of the absentee to sue afterwards, is a question which is not presented in this case. It is sufficient to say that all of the sons and daughters of Mrs. Reed are in the state, and in fact within the jurisdiction of the court in which this suit was filed. There is nothing anomalous in requiring the plaintiff in a suit to have a third party cited, whose interest is opposed to that of the defendant, and who may therefore become a plaintiff in the suit. That course is pursued in concursus proceedings, in suits for a partition of property owned jointly by three or more persons, and in fact in all cases

where some outsider is a necessary party to the suit, even though his interest may be in accord with that of the plaintiff and opposed to that of the defendant.

The judgment of the Court of Appeal, overruling the exception of nonjoinder, or want of necessary parties, is reversed, and the judgment of the civil district court is reinstated and affirmed, and the case is ordered remanded to the civil district court for further proceedings. The costs incurred in the Court of Appeal and in this court are to be borne by the plaintiff; all other court costs are to abide the final disposition of the case.

ODOM, J., dissents.