NORTON et al. v. CRESCENT CITY ICE
MFG. CO., Inc.
No. 13938.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

NORTON et al. v. CRESCENT CITY ICE
MFG. CO., Inc.*
No. 14130.

Court of Appeal of Louisiana. Orleans.
April 10, 1933.

**PER CURIAM.**

In our original opinion we expressed the view that plaintiffs, when they refused to amend their petition so as to include therein their respective direct claims, were justified in their refusal by reason of the fact that the jurisprudence of the state, as it existed at that time, gave them the right to believe that the various claims resulting from death by wrongful act might be asserted separately, and that it was only by the decree of the Supreme Court in Reed v. Warren, 172 La. 1082, 136 So. 59, that the contrary view was definitely adopted.

On reconsideration of the matter, we are fortified in our original opinion that prior to the decision in Reed v. Warren, supra, the jurisprudence rather favored the view that the various claims might be asserted separately. We find, in addition to the views set forth in the cases cited in our original opinion, that the Supreme Court in Robideaux v. Hebert, 118 La. 1089, 43 So. 887, 889, 12 L. R. A. (N. S.) 632, said:

"We can discover no reason why plaintiffs should go out of court because the minor children of the first marriage have not been joined with them. This is not a suit, it may be remarked, upon any right of action which the decedent might have had at the moment of his death (though we do not mean to say that it would make any difference if it were). It is brought by plaintiffs in their own right, under Act No. 71, p. 94, of 1884, amending Civ. Code, art. 2315, and conferring upon the widow and minor children of one who has lost his life through the fault of another the right to recover from such other the damages sustained by them, or either of them; and whilst, no doubt, in such case, all the beneficiaries may join in the same suit, and it may be desirable that they should, they are not obliged to do so, and the failure or refusal of one of them to act cannot preclude the others."

The rehearing applied for is refused.

Rehearing refused.

**PER CURIAM.**

For the reasons set forth by us to-day in refusing rehearing in the matter of Roy J. Norton et al. v. Crescent City Ice Manufacturing Co., Inc., 147 So. 385, the rehearing requested is denied.

Rehearing refused.

*Writ of certiorari granted by Supreme Court May 29, 1933.