ROGERS, Justice.
 

 The plaintiffs, sole survivors of William S. Norton, seek in this suit to recover for the direct losses suffered by them in the alleged wrongful death of their father. In a prior suit the same plaintiffs had asserted their claims for damages under the transmitted rights of their deceased parent.
 

 In the first suit, when called upon to do so, plaintiffs refused to amend their pleadings so as to include in their demand their claims for direct losses; and the case was tried solely on plaintiffs’ demand for recovery on their transmitted claims, resulting in a judgment in their favor for $3,000.
 

 In the second suit, defendant filed a plea in bar or res judicata, based on the pleadings and judgment in the first suit.. The plea was sustained, and plaintiffs’ suit was dismissed by the district court.
 

 The Court of Appeal annulled both judgments. In the first suit the court remanded the case for the purpose of allowing plaintiffs to amend their pleadings so as to demand damages for their'direct losses resulting from the death of their father, and the court dismissed the second suit as in case of nonsuit.
 

 Both cases were brought before usi on certiorari. In the first case, which is entitled Roy J. Norton et al. v. Crescent City Ice Manufacturing Company, Inc., 150 So. 855,
 
 [1]
 
 we have this day annulled the judgment of the Court of Appeal and reinstated and- made final the judgment of the district court. For the reasons assigned in that case and for the further reasons herein set forth, we have found it necessary also in this case to annul the judgment of the Court of Appeal and to affirm the judgment of the district court.
 

 Plaintiffs’ cause of action was one ánd indivisible, although composed of different elements or items of damages, and in their first suit they were bound to set forth every element or item of damages to which they were entitled. They were not at liberty to claim in one suit only a portion of the damages due them by defendant and to hold back the remaining portion of such damages for presentation in another suit. There can be
 

 
 *153
 
 but one recovery for any injury from a single wrong no matter how numerous the elements •or items of damages may be. And the judgment in the first suit closed the door to plaintiffs demanding in the second suit any damages they should have demanded in the prior suit.
 

 A final judgment of a court having jurisdiction over the parties and the subject-matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might successfully have made. Exchange Nat. Bank v. Holman Bros., 177 La. 537, 148 So. 702; Succession of Whitner, 165 La. 769, 116 So. 180.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the district court is reinstated and made the final judgment of this court. The costs of all the courts are toi be paid by the plaintiffs.
 

 ODOM, J., dissents for reasons set out in dissenting opinion in Norton et al. v. Ice Co., 150 So. 855.
 

 [1]
 

 178 La. 135.