182 So. 544

**PIERCE et al. v. ROBERTSON.**

No. 34922.

June 27, 1938.

C. A. Blanchard, of Donaldsonville, for relator.

S. A. Marchand, of Donaldsonville, for respondents.

O'NIELL, Chief Justice.

The plaintiffs in this case are seven brothers and sisters. They and another sister, Evelyn Pierce, inherited from their parents a house and lot in the Parish of Ascension. Evelyn Pierce made an agreement with Morris C. Robertson, a carpenter, to repair the building or buildings on the premises for the sum of $80. Robertson completed the work and was paid $30 on the contract price by Evelyn Pierce. She refused to pay the balance, claiming that the work was not satisfactory. Robertson sued her for the $50 in the court of a justice of the peace, and obtained a judgment against her for the $50, with recognition of a lien on the property. Robertson obtained a writ of fi. fa. and levied a seizure on the property for the collection of his judgment. The seven brothers and sisters of Evelyn Pierce then brought this suit against Robertson for $1,005 damages, alleged to have been caused by negligence on his part in the performance of his work, and by his seizure of the plaintiffs' property. The defendant, Robertson, filed several exceptions to the suit, among them being an exception of nonjoinder of parties defendant and nonjoinder of parties plaintiff. The judge maintained the exception called nonjoinder of parties plaintiff. In his ruling the judge refused to dismiss the suit, as requested by the exceptor, Robertson, but ordered that the plaintiffs' petition should be amended so as to make Evelyn Pierce a party plaintiff in the suit. The plaintiffs moved for a new trial or rehearing; but the motion was overruled. Whereupon they brought the matter here on a writ of certiorari—there being no judgment from which they could appeal to the court of appeal.

The judge is right in his ruling that Evelyn Pierce is a proper party—though not an indispensable or a necessary party—to this suit. The only mistake was in ordering the petition of the plaintiffs amended so as to make Evelyn Pierce a plaintiff in the suit. As we interpret the defendant's exception of nonjoinder of parties defendant and nonjoinder of parties plaintiff, all that it means is that Evelyn Pierce should be made a party to the suit; that is to say, she should be cited as a defendant, and thus be compelled to elect whether she will join in the suit as a plaintiff, or be forever barred from claiming a share of the alleged damages. The plea called nonjoinder of parties plaintiff is perhaps a misnomer, because no one can be compelled to institute a lawsuit in his own behalf. But there are cases where the defendant in a suit may insist that one who is not a plaintiff in the suit, but who appears

to have a joint interest with the plaintiff or plaintiffs in the suit, shall be cited to appear and to elect whether he will assert his claim or have his interest in the subject matter forever foreclosed by the judgment to be rendered in the suit. There are other cases, such as an action for a partition of property, where every one having an interest in the subject matter is a necessary party, or an indispensable party to the suit, in the sense that a valid judgment cannot be rendered unless every such person is made a party to the suit, either as a plaintiff or as a defendant.

In a suit for damages in which several persons have a joint interest, and in which there is only one cause of action, each one of the persons having an interest in the alleged damages has a separate and an independent right of action; but, in such a case, if it will simplify the issues and expedite the proceedings, and will not prejudice the rights of any one, the judge may, on motion of the defendant, require that all of the individuals who are entitled to share in whatever damages may be due shall be made parties to the suit brought by any one of them. See Reed v. Warren, 172 La. 1082, 136 So. 59, citing Alling v. Woodruff, 16 La.Ann. 6; Clairain v. Western Union Telegraph Co., 40 La.Ann. 178, 3 So. 625; Eichorn v. New Orleans & C. R. Light & Power Co., 112 La. 236, 36 So. 335, 104 Am.St.Rep. 437; Davis v. Arkansas Southern Railroad Co., 117 La. 320, 328, 41 So. 587; Hanton v. New Orleans & C. R. Light & Power Co., 124 La. 562, 50 So. 544. Reed v. Warren, supra, was cited with approval in Norton v. Crescent City Ice Mfg.

Co., 178 La. 135, 150 So. 855, and in another case of the same title, 178 La. 150, 150 So. 859. In Reed v. Warren, supra, the court said (page 65):

"There is nothing anomalous in requiring the plaintiff in a suit to have a third party cited, whose interest is opposed to that of the defendant, and who may therefore become a plaintiff in the suit. That course is pursued in concursus proceedings, in suits for a partition of property owned jointly by three or more persons, and in fact in all cases where some outsider is a necessary party to the suit, even though his interest may be in accord with that of the plaintiff and opposed to that of the defendant."

Whether any given case is one in which the defendant has the right to have all of the individuals having a joint interest in any judgment that might be rendered against the defendant made parties to the suit depends upon the facts and circumstances peculiar to the case in hand. In this case we agree with the judge of the district court that, if Evelyn Pierce will not join with the plaintiffs in the prosecution of the suit, or intervene in the suit, the defendant has the right to have her cited as a defendant, so that she may have an opportunity to assert any claim that she may have, and so that, in any event, she will be bound by the judgment to be rendered in the case.

In their petition to this court, the relators, who are the plaintiffs in the suit, say that Evelyn Pierce and the defendant, Robertson, were joint tort feasors, and

that they, the plaintiffs, intend to hold her liable in solido with Robertson for the alleged damages. That is all the more reason why Evelyn Pierce should be made a party to this suit, and be afforded an opportunity to appear and to assert and defend whatever, interest she may have in the controversy.

### Decree.

The ruling complained is now modified so that the plaintiffs shall, by supplemental petition, to be filed within ten days from the date on which this decree will become final, have Evelyn Pierce cited as a defendant, in order that she may have an opportunity to assert any claim that she may have to share in the alleged damages claimed by the plaintiffs, and in order that she may be bound by the judgment to be rendered in the case. The defendant is to pay the costs of the present proceeding in this court. All other court costs are to await the final disposition of the case.

HIGGINS, J., concurs in decree.