Carolyn Noble CONRAD et al.

v.

CITIZENS CASUALTY COMPANY OF NEW YORK.

Civ. A. Nos. 1609, 1616, 1638.

United States District Court
E. D. Louisiana,
Baton Rouge Division.
May 1, 1956.

Gordon M. White, White & May, Baton Rouge, La., for plaintiffs.

Calvin E. Hardin, Jr., Baton Rouge, La., for defendant.

DAWKINS, Sr., District Judge.

These three suits were filed separately by a wife and mother for the death on August 11, 1955 of her husband and two minor sons, allegedly caused by the negligence of defendant's insured, on her own behalf, for a minor surviving son and a child unborn at the time they were filed. The first case No. 1609 was as Tutrix for the surviving son; the second, No. 1616, on her own behalf and the third, No. 1638, as Guardian ad litem, for the child in esse. The first and third cases were substantially the same as to causes of action and amounts claimed, consisting of two counts each (1) $40,-000 as damages alleged to have been suffered by the deceased, consisting of pain, physical and mental suffering before his death and "the right to live out his normal life * * * expectancy" which it is alleged passed to the minor son and unborn child "by inheritance" and (2) for the sum of $85,500 "for the loss of love and affection, his companionship and guidance" of the father.

The second suit (No. 1616) was by the wife in her own behalf (1) for loss of her husband, "his love, affection and companionship * * * financial support * * * and his assistance" in "rearing" the surviving minor son and the unborn child, in the sum of $200,000; (2) for the loss of the two older sons' in the same accident, the sum of $100,-000; (3) for physical pain, mental shock and anguish, funeral expenses for the husband and two sons, and her own physical injuries, $32,061.67; and (4) a somewhat unusual claim as follows:

"By reason of the said collision, and his subsequent drowning, Richard Henry Conrad, Jr. suffered pain and physical and mental shock before his death, for which he was entitled to recover damages; *and he was entitled and had a right to live out his normal life for the remainder of his life expectancy, so that he was entitled to damages because of his premature death.*

"The right of Richard Henry Conrad, Jr. to recover damages for his pain and losses passed by law to his surviving children and his widow, your complainant.

"In and as a result of the said collision Richard Henry Conrad, III and Harold David Conrad suffered pain and physical and mental shock, *and they were deprived of the right they had to live out their normal life for the remainder of their life expectancies, so that they were entitled to damages for their suffering, shock, and premature deaths.*

"The rights of Richard Henry Conrad, III and Harold David Conrad to recover for their pain and losses passed by law to their mother, your complainant." (Emphasis added.)

For the damages thus alleged, she demanded the sum of $90,000.

Defendant has moved to dismiss all three complaints for failure to join indispensable parties, who, as to the first case No. 1609, were herself individually, and the unborn child; as to the second No. 1616, the surviving son and the unborn child; and the third No. 1638, herself individually and the surviving son. In support of the contention that there is an absence of indispensable parties, it

is argued that Article 2315 of the LSA–Civil Code gives but a single action to all persons suing in damages for the death of another no matter how many claimants there may be, all of whom must be joined, either as plaintiff, or on refusal, as defendant, and the failure to do so here requires dismissal of these separate suits.

 Without finding it necessary to discuss the matter at length, it is sufficient to say that it has been so held by the Louisiana Courts. Reed v. Warren, 172 La. 1082, 136 So. 59; see also Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 150 So. 855; Norton v. Crescent City Ice Mfg. Co., 178 La. 150, 150 So. 859; Pierce v. Robertson, 190 La. 377, 182 So. 544; and De Hart v. Continental land & Fur Co., 196 La. 701, 200 So. 9.

Defendant has also moved to strike from the complaint the claim for alleged "inherited" damages suffered by the deceased husband and father in the premature loss of his life, for the reason no such right is carried by Article 2315 of the LSA–Civil Code.

In support of her demand on this score, complainant has cited no decision by the courts of Louisiana or those of other states, but only some English and Canadian cases which are not available to this court. However, even if they were I do not think they would be persuasive or controlling. In the first place it seems illogical to say that deceased was damaged before his death in this manner, for the simple reason the alleged damage did not accrue until death and the right thereto could not be transmitted as having survived. The Article, 2315, declares: "Every act whatever of man that causes damage to another, obliges him by whose fault it happens to repair it; the right of this action shall *survive* in case of death in favor of * * *", various persons, including children and the surviving wife. It therefore did not survive but was the result of the death, as to which these persons are given their own cause of action to be asserted in their names, and to

allow recovery on the theory now contended for, would, in effect amount to double compensation for the same event. See Vredenburg v. Behan, 33 La.Ann. 627, and authority cited therein. The Supreme Court of Louisiana has conclusively held this Article, 2315, must be strictly construed. Kerner v. Trans-Mississippi Terminal R. Co., 158 La. 853, 104 So. 740. Furthermore insofar as the latter claims are concerned these survivors are given a right of action for all the damages suffered by them in being deprived of the husband and father over the life expectancy, at least during the minority of the children and of the wife, so long as she remains unmarried.

These cases were ordered consolidated for the purpose of trial in March 1956, but on further consideration I am convinced that all demands, other than that of premature death of the husband and father, which is stricken, should be included in a single complaint to be drawn and filed in place of the three above numbered. When this is done those cases can be dismissed, and if not done then they will be dismissed by the court with prejudice.