**Anna Louise Dupont TRAHAN, Next of Friend for Michael Joseph Trahan**

v.

**SOUTHERN PACIFIC COMPANY.**

**Civ. A. No. 8894.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Sept. 28, 1962.

---

John Rixie Mouton, Lafayette, La.. for plaintiff.

Davidson, Meaux, Onebane & Donohoe, Richard C. Meaux, Lafayette, La., for defendant.

PUTNAM, District Judge.

On or about June 25, 1961 the Sunset Limited, a fast passenger train operated by defendant Southern Pacific Railway Co., struck an automobile at a crossing in Lafayette Parish, killing four occupants of the vehicle. The survivors of the victims of this tragedy have filed eleven separate suits in this court for recovery of their alleged damages; the defendant has moved to dismiss in each instance for non-joinder of indispensable parties and on other grounds, and all motions were and are hereby consolidated for hearing. Briefs pertaining to all cases are on file in this cause; these reasons and judgment apply in each suit.

Names of each plaintiff, their relationship to the deceased and the docket number of each suit, are as follows:

| DECEDENT: | ANDRUS JOSEPH TRAHAN | |
| | No. 8894—Michael Joseph Trahan, through Anna Louise Dupont, next friend. | Son |
| | No. 8895—Anna Louise Dupont | Widow |
| DECEDENT: | BUCEY DUPONT | |
| | No. 8896—Nathalie Leger Dupont | Mother |
| DECEDENT: | LUCIEN DUPONT | |
| | No. 8897—Nathalie Leger Dupont | Widow |
| | No. 8898—Velma Margaret Dupont | Daughter |
| | No. 8901—Lucy Dupont | Daughter |
| | No. 8902—Earl Dupont | Son |
| | No. 8903—Harold Dupont, through Nathalie L. Dupont, next friend | Son |
| | No. 8904—Anna Louise Dupont Trahan | Daughter |
| DECEDENT: | CLAUDE DAVID VILLEJOIN | |
| | No. 8899—Velma Margaret Dupont Villejoin | Widow |
| | No. 8900—Mark Villejoin, through Velma Margaret Dupont Villejoin, next friend | Son |

— — ———◆——— —

We take up first the motion directed solely to suit No. 8896, brought by Nathalie Leger Dupont for the loss of her son, Bucey Dupont. Defendant contends that the complaint does not negative the existence of other survivors of the deceased whose presence would, under the provisions of· Article 2315 of the LSA–Civil Code, preclude action by her for her son's death if they should fall into the primary class of survivors, namely a surviving spouse, child and/or children of the deceased.

Article 2315 clearly gives a surviving parent the right to sue for the wrongful death of a child only "if he left no spouse or child surviving". The Courts of Louisiana have consistently held that a petition brought by one of the inferior beneficiaries must negative the existence of primary beneficiaries in order to state a right of action under this article. Horrell et al. v. Gulf & Valley Cotton Oil Company, 15 La.App. 603, 131 So. 709 (1930), Smith v. Monroe Grocery Company, La.App., 171 So. 167

(1936). The argument advanced that this is a mere matter of pleading and not one of substantive law is untenable. All of plaintiff's rights flow from the statute, and she must make all necessary allegations of fact to bring her within its scope.

■ Defendant urges dismissal of this complaint. The Court, however, feels that plaintiff should be permitted to amend her complaint and make the proper showing if such be the case.

Several additional motions have been filed in the remaining suits by defendant, advancing three principal contentions, listed by counsel in his brief as follows: (1) that all suits should be dismissed because of failure to join indispensable parties; alternatively (2) that by instituting separate suits individually, Nathalie Leger Dupont, Velma Margaret Dupont Villejoin and Anna Louise Dupont Trahan, have each waived all claims for damages presented by their second suits, and (3) in the final alternative, that plaintiffs should be compelled to institute four separate suits, one by each group of survivor-beneficiaries for damages resulting from each death.

■ The Court has concluded that the first two grounds for dismissal are without merit. Article 2315 of the LSA–Revised Civil Code affords an action for wrongful death to certain designated beneficiaries in order of preference enumerated therein. As amended in 1960, the pertinent part of the article, found in the third paragraph, reads as follows:

> "The *right to recover all other damages* caused by an offense or quasi offense, *if the injured person dies,* shall survive for a period of one year from the death of the deceased *in favor of:* (1) * * * (here follows the listing of the beneficiaries) * * *." (Emphasis supplied.)

This right of action is given jointly to the survivors, and the Courts of Louisiana have consistently held that all damages must be claimed in the one suit, and that all of the persons classed as beneficiaries should be joined as plaintiffs since the right to recover passes to them equally. See Conrad v. Citizens Casualty Co., 141 F.Supp. 166 (W.D.La. 1956). Reed v. Warren, 172 La. 1082, 136 So. 59 (1931), followed by Norton v. Crescent City Ice Mfg. Co., 178 La. 135, 150 So. 855 (1933), established that claims for damages inherited by the plaintiffs from the deceased, as well as their claims for damages resulting from their own loss, had to be included in one suit, and that the failure or refusal to do so constituted a waiver of the claim not included. But these cases do not hold, as defendant contends, that where more than one relative is killed in a single accident leaving common survivors and beneficiaries under Article 2315, all suits should be joined in one action. In Reed, the Court expressly recognized the fact that in that case there was only one decedent. Here, plaintiffs sue only for their personal losses, no inherited cause of action being advanced by any of them.

■ The Court need not decide whether all claimants for one death are necessary or indispensable parties to the action. It is clear that they are necessary parties, who should be joined in the suit. Reed v. Warren, supra. If they do not join voluntarily, they must be required to do so involuntarily so that all rights can be foreclosed by one proceeding. See Pierce v. Robertson, 190 La. 377, 182 So. 544 (1938), Rule 19(a), (b), 28 U.S.C.A., City of Orangeburg v. So. Ry. Co., 134 F.2d 890, (4 Cir. 1943). This finding is determinative of all issues presented by these motions.

■ The theory advanced by defendant that there being a single tort, all four actions flowing therefrom must be joined, is untenable. Where two or more persons die as the result of one accident, reason and logic compel us to hold that under Article 2315 a separate cause of action accrues to the beneficiaries surviving each decedent. Each group of survivors may file a separate suit, subject only to the discretionary power of

the Court to order consolidation. Defendant's first contention, therefore, falls.

■ Prior to the adoption of the Federal Rules of Civil Procedure, the common law test that in order to join as plaintiffs "each must have an interest in the claim of the other or some part thereof" was applied. Brandon v. Kansas City So. Ry. Co., 3 F.Supp. 818 (W. D.La.1933). Rule 20(a) now provides for a permissive joinder of parties plaintiff if their claims arise out of the same transaction or occurrence and if a common question of law or fact will arise during the trial. But this permissive joinder is subject to the discretion of the Court under Rule 20(b), and cannot be demanded as a matter of right by the defendant.

■ In the case at bar there exists an unusual family relationship leaving some plaintiffs standing as beneficiary-survivors under Article 2315 to more than one of their deceased relatives. Are we to now hold that they must cumulate their respective actions in one suit, under pain of having waived the claim for one death or the other, depending upon which complaint is received and filed first by the Clerk of Court? As we have seen, they might be permitted to join their claims, they cannot be forced to do so by defendant. The Court, in its discretion, does not so order at this stage of the proceedings, consequently defendant's second contention as to the suits of Nathalie Leger Dupont, Velma Margaret Dupont Villejoin and Anna Louise Dupont Trahan, is denied.

■ Defendant's final alternative, however, must be sustained. The broad pattern of scatter-shot triggered by these motions, spreading over a wide area, has found a target. The holding of this Court that four distinct causes of action arise out of this accident, one for each death, and that the beneficiary-survivors of each decedent are necessary parties to each suit, requires that four, and only four, suits be brought. Rule 19(a), 28 U.S.C.A., Article 2315, LSA–C.C., Reed v. Warren, supra, Norton v. Crescent City Ice Mfg. Co., supra, Pierce v. Robertson, supra, Conrad v. Citizens Casualty Co. of New York, supra.

It is, therefore, ordered that:

1. All demands arising out of the death of Andrus Joseph Trahan, now presented by Suits No. 8894 and 8895, be incorporated in a single suit to be drawn and filed in place of the two suits now pending.

2. All demands arising out of the death of Lucien Dupont, now presented by Suits Nos. 8897, 8898, 8901, 8902, 8903 and 8904, be incorporated in a single suit to be drawn and filed in place of the six suits now pending.

3. All demands arising out of the death of Claude David Villejoin, now presented by Suits Nos. 8899 and 8900 be incorporated in a single suit to be drawn and filed in place of said two suits now pending.

4. Suit No. 8896 for the death of Bucey Dupont is to remain on the docket, but should be amended as hereinabove set out.

5. Upon filing of the three new complaints, all original suits filed will be dismissed, except No. 8896.

6. Lacking compliance with the foregoing within 30 days, all suits will be dismissed with prejudice.

No further judgment need be presented. The Clerk will enter the foregoing order in the minutes of each of these eleven suits, and all motions pending therein are denied except to the extent specified above, as to which they are granted.