STEPHEN J. WINDHORST, Judge.
1 gPlaintiffs appeal from a ruling of the trial court granting an exception of lis pendens in favor of defendants, Exxon Mobil Corporation (“Exxon Mobil”) and Intra-coastal Tubular Service, Inc. (“ITCO”). *1015 For the reasons that follow, we affirm the judgment of the trial court.
Plaintiffs, Myrna Black, individually and as natural tutrix for her children, Reginald Black and Amari Black, filed this suit for survival and wrongful death, after Ms. Black’s husband, Reginald Black, died from liver cancer in August of 2013. In this suit, Ms. Black alleges that his cancer was caused by exposure to technically enhanced radioactive material generated by pipe cleaning operations conducted by defendant ITCO, for defendant Exxon Mobil.
At the time of the filing of this suit, a similar suit, Brittany Roache, et al. v. Alpha Technical Services, et al., No. 669-999 was pending, having been filed in the 24 Judicial District Court on February 19, 2009. Two of the named defendants in the Roache suit were Exxon Mobil and ITCO. In that suit, plaintiffs alleged that as a result of exposure to hazardous and/or toxic substances, they had suffered and would continue to suffer physical injuries and diseases, medical bills, | alost wages, anxiety and emotional distress, increased chance of contracting diseases in the future, aggravation of preexisting conditions and fear of contracting diseases in the future. The petition also sought exemplary damages. The day following the filing of the Roache suit, Mr. Black and others intervened. Shortly after, Mrs. Black also intervened in the suit for her personal injuries.
Both ITCO and Exxon Mobil filed exceptions of lis pendens in the instant suit, which were granted by the trial court. Plaintiffs have appealed, alleging that the trial court erred in granting the exceptions of lis pendens as to both plaintiffs’ wrongful death and survivorship claims.[1]
“When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto.... ” La. C.C.P. art. 531. The test for lis pendens is to determine whether a final judgment in the first suit would be res judicata in the second suit. Robert L. Manard III PLC v. Falcon Law Firm PLC, 12-0147 (La.App. 4 Cir. 11/16/12), 119 So.3d 1, 4 (citing Glass v. Alton Ochsner Medical Foundation, 02-0412 (La.App. 4 Cir. 11/6/02), 832 So.2d 403, 406). Thus, three requirements must be satisfied for dismissal of a suit pursuant to an exception of lis pendens: (1) there must be two or more suits pending; (2) the suits must involve the same transaction or occurrence, and (3) the suits must involve the same parties in the same capacities. Krecek v. Dick, 13-0804 (La.App. 4 Cir. 2/19/14), 136 So.3d 261; Pittman v. Velez, 09-305 (La.App. 5 Cir. 12/29/09), 30 So.3d 953.
The first requirement for granting an exception of lis pendens is that there are two or more suits pending. Here, there are two suits pending, namely the \ ¿Brittany Roache proceedings and the present matter. Thus, the requirement that there exist two or more pending cases has been met.
The second requirement for granting an exception of lis pendens is that the suits involve the same transaction or occurrence. Hy-Octane Investments, Ltd. v. G & B Oil Products, Inc., 97-28 (La.App. 3 Cir. 10/29/97), 702 So.2d 1057. What constitutes the transaction or occurrence is to be determined on a case-by-case basis. In re Succession of Bemat, 13-277 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1284. In this case, Mr. Black intervened in the Roache suit for injuries and damages occurring as *1016 a result of his exposure to chemicals from the ITCO pipeline. Ms. Black filed this suit individually and on behalf of her children for wrongful death and survivor damages occurring as a result of Mr. Black’s exposure to chemicals from the ITCO pipeline. Therefore, both suits involve the same transaction or occurrence.
The third requirement for granting lis pendens is that the suits involve the same parties in the same capacities. Revel v. Charamie, 05-976 (La.App. 4 Cir. 2/15/06), 926 So.2d 582. The “identity of parties” prerequisite for res judicata does not mean that the parties must be the same physical or material parties, so long as they appear in the same quality or capacity. Berrigan v. Deutsch, Kerrigan & Stiles, L.L.P., 01-0612 (La.App. 4 Cir. 1/2/02), 806 So.2d 163. The only requirement is that the parties be the same “in the legal sense of the word.” Id.
In this case, plaintiffs argue that these two suits do not involve the same parties in the same capacities. The jurisprudence does not demand that the parties in the two lawsuits be physically identical. The “identity of parties” requirement is met whenever “the same parties, their successors, or others appear so long as they share the same ‘quality’ as parties.” Pontchartrain Materials Corp. v. Quick Recovery Coatings Servs., 10-1476 (La.App. 4 Cir. 05/06/11), 68 So.3d 1113, 1118.
There are two claims at issue here. The first is for Mr. Black’s survivorship claims until the time of his death. Pursuant to La. C.C.P. art. 801, his spouse and children may be substituted as plaintiffs. Accordingly, as to these claims, there is “identity of parties” to support the trial court’s grant of the exception of lis pen-dens as to this claim.
With regard to the wrongful death claims, the trial court found that “Consequently, the lis pendens requirements are also met with respect to the wrongful death claims because they arise out of the same transaction or occurrence and also involve the same parties in the same capacity as the survival action.” The principles of res judicata mandate that that all claims arising out of the same transaction or occurrence must be litigated in the same suit. In the case of Trahan v. Southern Pacific Co., 209 F.Supp. 334, 337 (W.D.La.1962), citing Norton v. Crescent City Mfg. Co., 178 La. 135, 150, 150 So. 855 (1933), the court said that “Claims for damages inherited by the plaintiffs from the deceased, as well as their claims for damages resulting from their own loss, had to be included in one suit, and that the failure or refusal to do so constituted a waiver of the claim not included.” 209 F.Supp. at page 337.
Plaintiffs further contend that lis pen-dens should not be applied because; due to the multiplicity of plaintiffs, it will be considerable time before their claims are litigated. If Mr. Black had been the only plaintiff in the Roache suit, plaintiffs would have had to litigate the claims of survivor-ship and wrongful death in that suit, or those would be forever barred. We see no reason to reach a different result because there are multiple plaintiffs in the Roache suit.
IfiFor the above discussed reasons, the ruling of the trial court granting defendant’s exception of lis pendens is affirmed. Costs are assessed equally between the parties.
AFFIRMED

. The instant suit does not involve Ms. Black’s personal claims for her injuries and damages as a result of exposure, which are still pending in the Roache suit.