### NORTON et al. v. CRESCENT CITY ICE MFG. CO., Inc.*
No. 14130.

Court of Appeal of Louisiana. Orleans.
March 13, 1933.

I. E. Uzzo and James J. Landry, both of New Orleans, for appellants.

Pomes & McCabe, of New Orleans, for appellee.

JANVIER, Judge.

In this suit plaintiffs, sole survivors of William S. Norton, seek recovery for the direct losses sustained by them in the death of their father, William S. Norton, who died as the result of an accident, liability for which rests upon defendant. They are met with a "plea in bar or res judicata" based on the fact that in another suit, to which we shall now refer, they were enjoined from attempting to assert their claims for these losses.

In the matter of Roy J. Norton et al. v. Crescent City Ice Manufacturing Co., Inc., 146 So. 753, decided by us this day, these same plaintiffs presented their claim for the transmitted rights of the said William S. Norton to recover for such suffering, mental anguish, etc., as he might have recovered for had he lived, and in that suit we rendered a decree remanding the matter to the civil district court to the end that plaintiffs might be afforded an opportunity to assert in the same suit their claims for their direct losses resulting from the death; in other words, the claims which they attempt to assert in this suit.

Since the Supreme Court of Louisiana, in Reed v. Warren, 172 La. 1082, 136 So. 59, held that all claims must be presented in the same suit, we feel that that course must be followed here, and that, therefore, the suit now before us should be dismissed as in case of nonsuit and plaintiffs should, in that other litigation, to wit, Roy J. Norton et al. v. Crescent City Ice Mfg. Co., Inc., assert the claims which they have here presented.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, sustaining the plea in bar or plea of res judicata, be annulled, avoided, and reversed, and that the said plea in bar or plea of res judicata be and it is overruled, and that plaintiffs' suit be and it is dismissed, at their cost as in case of nonsuit.

Reversed.

---

*Rehearing denied April 10, 1933.