REGAN, Judge.
Plaintiffs, Alice Gabriel, wife of and Marcelian Strain, instituted this suit against the defendants, United Theatres, Inc., and its insurer, American Mutual Liability Insurance Company, in solido, endeavoring to recover on behalf of Alice G. Strain, the sum of $1590, allegedly representing damages for personal injuries, and on behalf of Marcelian Strain, the sum of $34.50, allegedly representing medical and other expenses incurred by him incident to his wife’s injuries.
*515 Defendants filed exceptions of “no right or cause of action,” which were overruled, and then answered and denied that they were guilty of any negligence in the premises, and, in the alternative, pleaded contributory negligence.
From a judgment in favor of defendants dismissing plaintiffs’ suit, plaintiffs prosecute this appeal.
Pending argument in this court, plaintiff, Alice Gabriel Strain, died on October 30, 1945.
On May 2, 1950, plaintiff, Marcelian Strain, filed a motion with this Court and stated that his wife, Alice Gabriel Strain, died on October 30, 1945; “that said decedent was married but once and then to” him, “and from which marriage no children were born, and the decedent never adopted anyone and no one ever adopted her. That the decedent’s father and mother and other ascendants all predeceased her” and that, therefore, plaintiff, “Marcelian Strain, who is an appellant in his own right, is further vested with all of the rights of the said Alice Gabriel, wife of Marcelian Strain, and should be made sole plaintiff and appellant herein.”
We refrained from signing the order designating Marcelian Strain, surviving husband of Alice Gabriel Strain, “as sole plaintiff and appellant” herein until such time as we were afforded an opportunity of hearing oral argument in connection with the said motion.
On January 4, 1951, defendants filed a “motion to dismiss the appeal of Alice Gabriel, wife of Marcelian Strain,” and contended in support of this motion that “no parties, ascendants, decendants, or surviving parties, or any other person entitled under Civil Code Article 2315 having been made a party or parties hereto within one year from the date of death of Alice Gabriel Strain on October 30, 1945, the motion to dismiss, insofar as the action of Alice Gabriel, wife of Marcelian Strain, is concerned should be granted.”
Defendants concede, of course, that “this would leave the appeal, insofar as Mar-celian Strain himself is concerned, still pending.”
The only questions posed for our consideration by virtue of the foregoing pleadings are: (1) assuming plaintiff perfects an appeal to this Court and pending oral argument here, plaintiff dies, may the surviving beneficiary under the provisions of Article 2315 insist that he be made a party plaintiff in lieu of the deceased more than a year after plaintiff’s death? And (2) is Marcelian Strain, husband of the deceased plaintiff, Alice Gabriel Strain, the proper surviving beneficiary under the provisions of Civil Code Article 2315?
Prior to and during oral argument of this m Iter, we entertained the opinion that somewhat of a legal dilemma had been raised by opposing counsel with respect to the feasibility of permitting the surviving beneficiary to become the sole party plaintiff in this court. However, careful interpretation of Article 2315 has convinced us that the prescriptive or peremptive period of one year contained therein has no application to a matter pending in an appellate court where, as here, the plaintiff died before the case had been orally argued and submitted to us and more than a year later the surviving beneficiary requests this Court to make him sole party plaintiff.
The prescriptive period of one year contained in Article 2315 refers exclusively to the case where the “right of this action” to recover for the wrongful death of a person must be exercised in a court of original jurisdiction by the surviving beneficiary within “the space of one year from the death,” and therefore the prescriptive or peremptive period is not applicable to a matter pending oral argument in an appellate court.
With respect to the second question posed for our consideration, we are of the opinion that the record fails to disclose sufficient evidence to permit us to say with any certainty that Marcelian Strain is the only surviving beneficiary under the provisions of Civil Code Article 2315 by virtue of the fact that “the right of this action shall survive in case of death in favor of the *516 children, including adopted children, or spouse of the deceased, or either of them,” which phrase has been interpreted in Reed v. Warren, 172 La. 10S2, 136 So. 59, 63, to mean that “if there be a minor child or children and a surviving spouse, the survivors shall have the right of action jointly, and if there be a surviving spouse and no minor child, or only one minor child and no surviving spouse, the one survivor shall ■have the right of action.”
It will be observed that in Gallaher v. Ricketts, La.App., 187 So. 351, in a situation remarkably analogous to the one presented here, we issued an ex parte order creating a new party plaintiff-appellant on a mere motion of a sister of the original plaintiff, in which motion she set forth that she was the proper survivor to proceed with the action under the provisions of Article 2315 of the Civil Code, and we accepted the statements made in her motion because counsel for the defendant-appellee advised us that he had examined the facts and had ascertained from the succession proceedings of the original plaintiff-appellant that the sister was the proper person to proceed as party plaintiff-appellant in the matter. In the instant case we have nothing before us but the motion of the husband and no other proof to show that he is the only survivor who, under Article 2315, has the right to proceed with this appeal.
An appellate court is vested with discretion to remand a case whenever the ends of justice will best be served, and in conformity therewith we remand this matter for the purpose of adducing additional evidence as to whether any children survive the death bf Alice Gabriel Strain in addition to her husband, Marcelian Strain.
It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that there be further judgment remanding the case to the Civil District Court for the Parish of Orleans for further proceedings according to law and not inconsistent with the views herein expressed; all costs to await the final determination of this suit.
Motion denied.
Reversed and remanded.