SCHOTT, Judge.
This is a claim for a fire loss under an “All Risk Builder’s Policy” issued to Jack Siekkinen. The claimant, First Federal Savings Bank of New Orleans is the mortgagee on the policy. Defendant-insurer, United States Fidelity & Guaranty Company (USF & G) filed an exception of non-join-der of a necessary/indispensable party claiming that Siekkinen as the named insured was, at least, a necessary party to assert the claim. The trial court overruled the exception but allowed defendant to join Siekkinen as a party defendant. In order to review the ruling we grant certiorari on USF & G’s application.
For our purposes we need not decide whether Siekkinen is an indispensable party. But it seems clear that he is a necessary party, one whose joinder would be necessary for a complete adjudication of the controversy. LSA-C.C.P. art. 642. This is so because without his joinder USF & G could be subjected to a separate suit under the policy by Siekkinen as the named insured.
First Federal does not seem to dispute the characterization of Siekkinen as a necessary party but argues that the issue is moot because the trial court allowed USF & G to make Siekkinen a defendant and because First Federal amended its petition to join Siekkinen as a defendant.
USF & G contends that the joinder of Siekkinen as a defendant by First Federal does not necessarily place before the court conflicts between it and Siekkinen and would not preclude a separate suit against it by Siekkinen. More importantly, USF & G argues that it has been denied the relief to which it is clearly entitled and neither the trial court’s recognition of its right to implead Siekkinen or the action *112 taken by First Federal in making Siekkinen a defendant is equivalent to the right afforded USF & G by the Code of Civil Procedure.
USF & G’s position is meritorious. Since Siekkinen is at least a necessary party USF & G’s exception should have been sustained and the trial court was obliged to permit First Federal to amend its petition to join Siekkinen as a party plaintiff. C.C.P. arts. 642, 646. The provisions of these articles which require the trial court to allow such an amendment where a timely objection is made to the nonjoinder of a necessary party are for the benefit of a plaintiff like First Federal whose claim would be otherwise subject to dismissal. See Reed v. Warren, 172 La. 1082, 136 So. 59 (1931).
Accordingly, the judgment of the trial court overruling USF & G’s exception of nonjoinder of Siekkinen as a necessary party is reversed and set aside; the exception is sustained; plaintiff, First Federal Savings Bank of New Orleans is ordered to amend its petition to join Siekkinen as a party plaintiff within ten days of the date this judgment becomes final in default of which its claim shall be dismissed. The case is remanded to the trial court for further proceedings. All costs of the proceedings in this court to date are assessed against First Federal.
REVERSED AND REMANDED.