Judge PATRICIA RIVET MURRAY.
LThis is a domestic matter. Phillip Becker appeals a judgment recognizing and making executory a Calcasieu Parish divorce judgment and a stipulation agreement incorporated therein as a judgment of the Civil District Court for the Parish of Orleans (“CDC”). Mr. Becker argues the trial court’s judgment should be reversed because the stipulation agreement is not a “judgment.” Alternatively, he argues that even assuming the stipulation agreement is a “judgment,” the Calcasieu Parish court that rendered that judgment has exclusive jurisdiction over this matter to the extent in involves a rule to modify his child support obligation, which is set forth in the stipulation agreement. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
The underlying facts in this case are undisputed. Mr. Becker and his former wife, Mary Becker McIntyre (now Toca), were divorced in Calcasieu Parish, their last matrimonial domicile. In the Calca-sieu divorce proceeding, both Mr. Becker and Mrs. McIntyre were present in open court on December 19, 2000, when a lengthy stipulation agreement was read into the record. That agreement covered, among other matters, custody of the two minor children born of the marriage, | {.visitation, and Mr. Becker’s child support obligation. At the end of that hearing, both Mr. Becker and Mrs. McIntyre were sworn in, and they both acknowledged their understanding of the stipulation agreement. They also agreed to sign any documents necessary to effect the intent of the stipulation agreement.
The certified minute entry from the December 19, 2000 hearing reads:
A joint stipulation is dictated to the Court Reporter and recognized by the Court. Judgment is rendered in accordance with the stipulation. Costs are assessed against the defendant [Mr. Becker], The Court questions the parties and they state that they understand. A formal decree will be signed upon presentation.
Likewise, the March 22, 2001 divorce judgment expressly incorporates the stipulation agreement as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties have further entered into a stipulation regarding all other incidental matters to the divorce, said stipulation entered in the record of these proceedings shall be put in Judgment form and submitted to the Court for signature.
Despite the latter mandate in the divorce judgment that the parties put the stipulation agreement in judgment form, neither *42 party submitted such judgment for the trial court’s signature.
On August 23, 2004, Mrs. McIntyre filed in CDC a petition captioned “Petition to Make Foreign Judgment Executory, and Rule.” In the body of the petition, she sought recognition and enforcement of a Calcasieu Parish court judgment and related proceedings, averring:
IV.
That on December 19, 2000, petitioner and defendant herein [Phillip Becker] entered into a stipulation regarding matters of visitation, support and other ancillary matters in the “14th Judicial District Court for the Parish of Calca-sieu”, in Proceedings No.2000-005735, entitled “Mary Becker v. Phillip Becker”, and that by “Judgment” signed on March 22, 2001, said stipulation was to be | oinade a Judgment of Court. Petitioner attaches hereto certified true cop[ies] of said “Judgment” dated March 22, 2001, ... and further attaches stipulation from the hearing held on December 19, 2000....
V.
Petitioner herein avers that all proceedings in the 14th Judicial Court for the Parish of Calcasieu, State of Louisiana, in Proceedings No.2000-005735, entitled “Mary Becker v. Phillip Becker”, including but not limited to the “Judgment” dated March 22, 2001 resulting from the stipulation entered into by the parties hereto in open Court on December 19, 2000, be recognized and given full faith and credit as a judgment of this Honorable Court.
On August 24, 2004, the trial court signed an ex parte order making the Cal-casieu judgment and related proceedings executory in CDC and setting October 6, 2004 as the date for Mrs. McIntyre’s rule to increase child support and other requested rulings.
On October 4, 2004, Mr. Becker responded by filing a peremptory exception of no cause of action, a dilatory exception of nonconformance with La. C.C.P. art. 891, a declinatory exception of lis pendens, and an Article 863 motion for sanctions. The lis pendens exception was based on Mr. Becker’s argument that the divorce proceedings are still pending in Calcasieu Parish and that venue should remain there. According to Mr. Becker, he filed a rule for reduction in child support in the Calcasieu proceeding on September 1, 2004.
On October 6, 2004, the trial court affirmed its original August 24, 2004 ex parte order, which recognized all proceedings in the Calcasieu Parish proceeding, including but not limited to the March 22, 2001 judgment with the incorporated stipulation agreement, as a judgment of the CDC. This appeal followed.[1]
*43 | ¿DISCUSSION
On appeal, Mr. Becker asserts the following two assignments of error:
i. The trial court erred in signing the October 6, 2004 judgment which recognized the stipulated agreement between the parties as an executory-foreign “judgment” entitled to full faith and credit.
ii. The trial court lacks jurisdiction to modify a support order of the 14th Judicial District Court for the Parish of Calcasieu because Mr. Becker resides in that parish.
Mr. Becker’s first argument is that there is no child support order or “judgment” to be made executory or enforced. In support, he cites La. C.C.P. arts. 1841,[2] 1911,[3] and 1918.[4] He emphasizes that despite the trial court’s mandate in |Bthe divorce judgment, neither party submitted such a judgment to the trial court for signing; thus, there is only “a stipulation, which binds the parties with certain obligations.” Although Mr. Becker acknowledges that the stipulation is “a judicially enforceable right,” he contends that “judicially enforceable” does not equate to a “final judgment.[5] Given the lack of a judgment, he argues that the trial court erred in recognizing the stipulation agreement and making it executory in CDC.
Mrs. McIntyre counters that the stipulation is an enforceable judgment. She stresses that the stipulation (in all but written form) has been recognized by the Calcasieu court as a final judgment. She further stresses the jurisprudence recognizing stipulations in similar settings as enforceable between the parties as if they *44 were child support judgments. See Melanson v. Melanson, 94-884 (La.App. 5 Cir. 3/1/95), 652 So.2d 114.[6]
We find the language in the minute entry from the December 19, 2000 hearing that “[jjudgment is rendered in accordance with the stipulation” coupled with the express reference in the divorce judgment to the stipulation agreement is sufficient to make the stipulation agreement a part of the judgment. We thus find | ¿no error in the trial court recognizing and making ex-ecutory the judgment, including the stipulation agreement, as a judgment of the CDC.[7]
Mr. Becker further argues that even assuming the stipulation is a “judgment,” it is not a “foreign judgment” under La. R.S. 13:4241, which defines a “foreign judgment” as a judgment of “a court of the United States or of any other court which is entitled to full faith and credit in this state.” La. R.S. 13:4241. Although Mrs. McIntyre acknowledges that the judgment is not “foreign” as defined by that statute, she contends that it was foreign to Orleans Parish in the sense that it arose in Calca-sieu Parish. She further contends that although she erroneously captioned her petition as a “Petition to Make a Foreign Judgment Executory,” the trial court properly applied the procedure for making a judgment of a Louisiana court executory in another Louisiana court, which is set forth in La. C.C.P. arts. 2781 and 2782.[8]
We find the pertinent procedural provisions that the trial court correctly utilized are La. C.C.P. arts. 2781 and 2782. Those articles apply because this case involves one Louisiana court (a CDC court) recognizing and making executory a judgment of another Louisiana court (a Calcasieu court).
17Our finding that the trial court properly recognized and made executory the stipulation agreement under La. C.C.P. arts. 2781 and 2782 disposes of Mr. Becker’s related argument regarding Mrs. Mcln- *45 tyre’s failure to follow the procedures for making a foreign judgment executory set forth in La. R.S. 13:4243 as that statute is inapplicable. As Mrs. McIntyre stresses, the applicable statutory provisions are Article 2781 and 2782, and the requirements set forth in those provisions have been satisfied.
Mr. Becker’s next argument is that the trial court erred in recognizing “all pleadings” in the Calcasieu proceeding as execu-tory judgments of the CDC. He argues that doing so lacks precedential support. We find, as Mrs. McIntyre contends, that the trial court’s reference to “all pleadings” was simply a reference to the pleadings annexed to the petition to make the judgment executory and submitted with the petition for that purpose. Stated otherwise, the reference to “all pleadings,” when read in context, is intended to reference only the transcript of the hearing at which the stipulation was read into the record, which transcript as well as the divorce judgment were attached to Mrs. McIntyre’s petition.
Mr. Becker’s final argument is that the Calcasieu Parish court, as the rendering court under La. C.C.P. art. 2785(2),[9] retains exclusive jurisdiction with respect to any support order rendered in that court, including the stipulated judgment at issue; under La. C.C.P. art. 2786 A.[10] He further argues that Mrs. | sMcIntyre’s petition cannot be a registration of support order under La. C.C.P. art. 2785, et seq., because he still resides in the parish of the rendering court, Calcasieu Parish (Lake Charles).
We find, as Mrs. McIntyre contends, that Mr. Becker’s reliance on the provisions set forth in La. C.C.P. arts. 2785, et seq., for intrastate registration of support orders for modification and enforcement is misplaced. Those provisions are designed to address the situation in which the rendering court is divested of jurisdiction because the parties no longer reside there, and the registering court is vested with jurisdiction. They do not, as Mr. Becker suggests, establish exclusive jurisdiction in the rendering court when, as here, one party still resides there.
Although there is scant jurisprudence construing these provisions, we note the following comment regarding the legislative purpose for enacting them:
Acts 1997, No. 603 enacted a statutory scheme apparently designed to eliminate jurisdictional conflicts between district, family, and juvenile courts, and to provide greater certainty as to the proper venue of proceedings to modify or enforce support orders. Code of Civil Procedure Articles 2785 et seq. allows a support order rendered by a court in one parish to be registered with a court in another parish. The support order may be registered with the district court, or if applicable, a juvenile or family court. C.C.P. Art. 2785(3). If registered and confirmed, a proceeding to modify the support order must be brought in the parish of the registering court (except the parish of domicile of the person awarded support is always allowed). The prior court is divested of jurisdiction to modify the support order. C.C.P. Art. 2789(B).
Lucy S. McGough and Kerry Triche, Louisiana Children’s Code Handbook, 36-37 *46 (2005 ed.)(Authers’ Notes to Ch.C. art. 311). The commentators’ statement that “the parish of domicile of the person awarded support is always allowed” is based on La. C.C.P. art. 74.2, upon which Mrs. McIntyre relies. Under that article, the CDC is a court of proper venue as the parish where the person awarded support, 19Mrs. McIntyre, resides.[11] Given our finding that the provisions in La. C.C.P. art. 2785, et seq., are inapposite, Mr. Becker’s reliance on those provisions to support his argument that the Calcasieu Parish court, as the rendering court, has exclusive jurisdiction is misplaced.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. On November 15, 2004, the trial court denied Mr. Becker’s exceptions; maintained its ruling that Orleans Parish is the proper venue to hear these domestic proceedings involving child support, visitation, and custody issues; and affirmed its issuance of the original ex parte order granted August 24, 2004, and ratified by the judgment dated October 6, 2004. On November 18, 2004, the trial court granted Mr. Becker's request for an order of sus-pensive appeal from the October 6, 2004 judgment, but limited that order “to those matters for which suspensive appeals are allowed.” Mrs. McIntyre argues that this matter is improperly before us as a suspensive appeal because La. C.C.P. art. 3943 precludes sus-pensive appeals in matters involving custody, visitation, and support. Her argument, however, is belied by the language of that code article, which reads:
An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not *43 suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support.
La. C.C.P. art. 3943. This appeal is not from a judgment awarding custody, visitation, or support. Rather, this is an appeal from a judgment confirming the trial court’s ex parte judgment recognizing and making executory a judgment that included provisions for custody, visitation, and support. The original judgment is still enforceable in Calcasieu Parish; the only matter suspended is the enforcement or modification of that judgment in CDC. We thus find no procedural bar to Mr. Becker's suspensive appeal.

. La. C.C.P. art. 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.

. La. C.C.P. art. 1911 provides:
Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled. No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.

. La. C.C.P. art.1918 provides:
A final judgment shall be identified as such by appropriate language. When written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.

. Mr. Becker also suggests that the stipulation agreement is replete with additional agreements and issues that the parties are required to address in a judgment to be submitted to the Judge for signing. However, as Mrs. McIntyre points out, his suggestion that there remained unresolved matters for the parties to work out in a judgment is belied by the trial court's mandate that the stipulation proceedings shall be placed in judgment form for the judge's signature. Indeed, Mr. Becker acknowledges the stipulation agreement is judicially enforceable. His argument is that it is not a "judgment.”

. In Melanson, the parties in open court offered a stipulation setting the amount of child support Mr. Melanson would pay. Finding that stipulation binding, the court reasoned that the parties’ oral stipulation in open court setting the amount of child support the father would pay conferred upon either party the right to seek judicial enforcement or the execution of the agreement, even though the stipulation was not reduced to writing. See also Landry v. Landry, 97-1839, p. 4 (La.App. 4 Cir. 11/25/98), 724 So.2d 271, 273 (citing Melanson and noting "[a] stipulation has the effect of binding all fire parties and the court”). Although the court in Melanson cites La. C.C. art. 3031, we note the court apparently intended to cite La. C.C. art. 3071, which provides that compromise agreements in writing or recited in open court confer upon either party the right to seek judicial enforcement or execution of the agreement.

. As part of this assignment of error, Mr. Becker argues that the CDC lacked jurisdiction. Citing La. C.C.P. art. 2786(A), he argues that the Calcasieu court had exclusive jurisdiction to enter a judgment or support order regarding the obligations evidenced by the stipulation agreement. For reasons discussed elsewhere in this opinion, we find this argument unpersuasive.

.La. C.C.P. art. 2781 provides:
A judgment rendered in a Louisiana court may be made executory in any other Louisiana court of competent jurisdiction, if its execution has not been and may not be suspended by appeal.
La. C.C.P. art. 2782 provides:
A creditor wishing to have a judgment of a Louisiana court made executory, as provided in Article 2781, may file an ex parte petition complying with Article 891, with a certified copy of the judgment annexed, praying that the judgment be made executo-ry. The court shall immediately render and sign its judgment making the judgment of the other Louisiana court executory.
The judgment thus made executory may be executed or enforced immediately as if it had been a judgment of that court rendered in an ordinary proceeding.

. La. C.C.P. art. 2785(2) defines a “rendering court” as "the district or, if applicable, family or juvenile court which rendered the support order.”

. La. C.C.P. art. 2786 A provides that "[a] support order rendered by a court of this state may be registered for modification in another court of this state if all parties to the order are no longer domiciled in the parish of the rendering court.”

. The issue of whether venue in CDC is proper is an interlocutory ruling by the trial court that is directly before us. We exercise our supervisory jurisdiction to decide that issue. See Addington v. McGehee, 29,729 (La. App. 2 Cir. 8/20/97), 698 So.2d 702. However, the issue of whether CDC or Calcasieu Parish is the more appropriate forum for the parties to litigate their child support and related matters is not directly before us, and we do not address it.