JUDE G. GRAVOIS, Judge.
 

 12In this domestic matter, plaintiff, Donna Velez, filed in the 24th Judicial District Court, Parish of Jefferson, two pleadings against her ex-husband, Don Velez: 1) a Motion for Registration of a support order for modification from Civil District Court, Parish of Orleans, pursuant to LSA-C.C.P. art. 2786, and 2) a Motion to Increase Child Support. In response thereto, Mr. Velez filed an Exception of Lis Pendens, arguing that Mrs. Velez had pending at that time in the Orleans Parish proceeding a prior-filed almost identical Motion to Increase Child Support. The trial court ultimately granted Mr. Velez’s Exception of Lis Pendens, dismissing Mrs. Velez’s Motion to Increase Child Support. Mrs. Velez appeals. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 The pleadings in the record show that the parties were divorced on June 21, 2006 in the proceeding entitled “Donna Pittman, wife of Don Velez versus Don Velez,” No. 2006-156 of the docket of the Civil District Court for the Parish of |sOrleans (“the Orleans Parish proceeding”).
 
 [1]
 
 A Consent Judgment was rendered and signed on June 21, 2006 in the Orleans Parish proceeding granting to the parties joint custody of the two children of their marriage and ordering Mr. Velez to pay child support to Mrs. Velez.
 

 On September 21, 2007, Mrs. Velez filed a Motion to Increase Child Support and For Past Due Child Support in the Orleans Parish proceeding, which Motion was set for a hearing on November 6, 2007. The parties appeared for the hearing in the Orleans Parish proceeding on November 6, 2007, but the matter was continued on that date by the trial court until April 21, 2008.
 

 On November 19, 2007, just thirteen days after the hearing on her Motion in the Orleans Parish proceeding was continued, Mrs. Velez filed another almost identical Motion to Increase Child Support in the 24th Judicial District Court, Jefferson Parish. This proceeding in Jefferson Parish was assigned Civil Case No. 653-301 (“the Jefferson Parish proceeding”). On that same date, Mrs. Velez also filed in the Jefferson Parish proceeding a separate
 
 *955
 
 Motion to Register the previously obtained support order from the Orleans Parish proceeding for modification in the Jefferson Parish proceeding.
 

 On November 28, 2007, the Jefferson Parish Clerk of Court’s Office sent the parties notice that a Hearing Officer Conference would be held in the Jefferson Parish proceeding on December 20, 2007. This notice referenced only Mrs. Velez’s Motion to Increase Child Support.
 

 On December 14, 2007, Mr. Velez filed an Exception of Lis Pendens, together with a memorandum in support thereof, in the Jefferson Parish proceeding, asserting that Mrs. Velez had an identical Motion to Increase Child | ^Support currently pending at that time in the Orleans Parish proceeding, specifically the one that she had filed there on September 21, 2007. Mr. Velez’s pleadings questioned Mrs. Velez’s motivation in filing an identical proceeding in Jefferson Parish, positing that her filing in Jefferson Parish was a “blatant example of unauthorized forum shopping.”
 

 On January 3, 2008, Mrs. Velez filed a Rule to Set Mr. Velez’s Exception of Lis Pendens for an expedited hearing. By judgment rendered on January 16, 2008 and signed on March 7, 2008, the Domestic Commissioner granted Mr. Velez’s Exception of Lis Pendens and dismissed Mrs. Velez’s Motion to Increase Child Support. The judgment did not address Mrs. Velez’s Motion to Register the support order for modification.
 

 On January 16, 2008, Mrs. Velez filed an Objection to the Domestic Commissioner’s Order granting Mr. Velez’s Exception of Lis Pendens. On January 18, 2008, Mrs. Velez filed an Opposition to Exception, arguing that Mr. Velez filed his exception for the purposes of delay only, that he failed to assert any valid ground for contesting the registration of the Orleans Parish support order in Jefferson Parish, and that he failed to allege any basis under which Jefferson Parish would not have jurisdiction over Mrs. Velez’s Motion to Increase Child Support.
 

 On February 15, 2008, after a hearing on the merits of Mr. Velez’s Exception of Lis Pendens was held, the district court judge granted Mr. Velez’s Exception of Lis Pendens. As noted below, this judgment was not signed by the district court judge until January 23, 2009.
 

 The next relevant pleading in the record is a Motion to Reset filed by Mrs. Velez on October 17, 2008, representing that “[t]he matter supported by the lis pendens in Orleans Parish has been dismissed and the mover is prepared to move forward with the motion to increase,” and requesting that a hearing be set on her | ¡-.previously filed Motion to Increase Child Support. The Motion to Reset requested a Hearing Officer Conference and an objection hearing before the district court judge. Exhibits to the record show that the judge in the Orleans Parish proceeding rendered a judgment on June 3, 2008 (but signed on August 18, 2008) dismissing Mrs. Velez’s Motion to Increase Child Support that she previously filed in the Orleans Parish proceeding, with prejudice.
 
 [2]
 

 The parties appeared for a Hearing Officer Conference on November 21, 2008. The Hearing Officer found that the January 16, 2008 judgment of the Domestic Commissioner granting Mr. Velez’s Exception of Lis Pendens meant that Mrs. Velez would have to file a new rule to increase child support, and therefore the hearing on Mrs. Velez’s Motion to Increase Child Sup
 
 *956
 
 port scheduled on that date could not (and did not) proceed. On that same day, Mrs. Velez filed an Objection to the Hearing Officer’s recommendation. A hearing before the district court judge was then scheduled for January 23, 2009.
 

 On January 23, 2009, the district court judge signed the judgment that had previously been rendered on February 15, 2008, granting Mr. Velez’s Exception of Lis Pen-dens and dismissing Mrs. Velez’s Motion to Increase Child Support. On that same date, the district court judge also rendered judgment denying Mrs. Velez’s Motion to Reset Hearing for Increase in Child Support. This judgment was signed by the district court judge on January 29, 2009.
 

 Mrs. Velez subsequently filed a Motion for New Trial in the Jefferson Parish proceeding, arguing that the district court’s judgment granting Mr. Velez’s Exception of Lis Pendens was contrary to the law and the evidence in that at the time Mr. Velez first argued his exception to the trial court in February of 2008, she | (¡had voluntarily dismissed her Motion to Increase Child Support in the Orleans Parish proceeding approximately one month earlier.
 
 [3]
 
 She acknowledged, however, that Mr. Velez had filed a Motion for New Trial in the Orleans Parish proceeding challenging her Motion to Withdraw her Motion to Increase Child Support previously filed in the Orleans Parish proceeding. The Orleans Parish district court later granted Mr. Velez’s Motion for New Trial, and as noted above, subsequently dismissed Mrs. Velez’s Motion to Increase Child Support, with prejudice, by judgment rendered on June 3, 2008 and signed on August 18, 2008.
 

 Mr. Velez opposed Mrs. Velez’s Motion for New Trial in the Jefferson Parish proceeding, arguing that both at the time his Exception of Lis Pendens was filed and when it was argued and granted in the Jefferson Parish proceeding on February 15, 2008, Mrs. Velez’s Motion for Increase in Child Support was still pending in the Orleans Parish proceeding; therefore, the district court judge correctly granted his Exception of Lis Pendens.
 

 On January 29, 2009, judgment was rendered by the district court judge denying Mrs. Velez’s Motion for New Trial. This judgment was signed by the district court judge on February 10, 2009. Mrs. Velez thereupon timely filed this appeal.
 

 ARGUMENTS ON APPEAL
 

 On appeal, Mrs. Velez argues that Mr. Velez failed to timely object to the Motion for Registration, that he consented to the registration of the Orleans Parish support order in Jefferson Parish and waived all objections thereto, and that he failed to file an objection to the support order on the grounds allowed by law. She 17also argues that Mr. Velez filed various pleadings in both the Jefferson Parish proceeding and the Orleans Parish proceeding strictly for the purpose of delay.
 

 Mr. Velez counters on appeal that his Exception of Lis Pendens was properly granted. He argues that the registration procedures of LSA-C.C.P. art. 2785,
 
 et seq.,
 
 were not intended to divest jurisdiction of cases that are currently pending in the rendering court in the circumstances where the obligee (Mrs. Velez) is the very party who initiated a request for modification of support in the rendering court. Mr. Velez further argues that there is no proof that the mandatory requirements for registration of a support order for modification were met, that his Exception of Lis
 
 *957
 
 Pendens should be treated as a timely-filed opposition to Mrs. Velez’s Motion for Registration, and that Mrs. Velez’s own actions have caused much of the delay in hearing her Motion to Increase Child Support.
 

 DISCUSSION
 

 Because Mrs. Velez’s arguments are all interrelated, they will be discussed together.
 

 The record shows that Mrs. Velez filed two pleadings in the Jefferson Parish proceeding: a Motion to Register the support order for modification, and a Motion to Increase Child Support. It is clear from reading Mr. Velez’s Exception of Lis Pendens and the memorandum he filed in support thereof that Mr. Velez filed the exception only in response to Mrs. Velez’s Motion to Increase Child Support. The exception does not object to the registration of the child support order, and indeed, Mr. Velez stated at the hearing on February 15, 2008 that he had no objection to the registration of the order.
 

 The statutory scheme for the registration of intrastate support orders for modification is found in Code of Civil Procedure articles 2786 through 2790. | ¡/Those articles contemplate two distinct actions: first, the registering of the support order in the registering court (here, the 24th Judicial District Court), and second, the confirmation of that order by the registering court. The statute contains various procedural requirements that must be met in order for a registered support order to be confirmed. It is only upon confirmation of the registered support order by the registering court that the rendering court (here, Orleans Parish Civil District Court) is divested of jurisdiction to modify the support order. LSA-C.C.P. art. 2786(D). Accordingly, the mere registration of the support order does not empower the registering court to modify the support order until such order is confirmed.
 
 [4]
 

 Mr. Velez asserts that he was served with these pleadings on December 8, 2007. He filed his Exception of Lis Pendens on December 14, 2007. An exception of lis pendens is a declinatory exception that must be pleaded prior to the answer and before confirmation of a default judgment. LSA-C.C.P. art. 928. As such, Mr. Velez’s exception was timely filed in this case.
 

 LSA-C.C.P. art. 531 states that when two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925.
 

 The test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit.
 
 Domingue v. ABC Corp.,
 
 96-1224 (La.App. 4th Cir.6/26/96), 682 So.2d 246;
 
 Bunch v. Schilling Distributing Inc.,
 
 589 So.2d 502 (La.App. 3rd Cir.1991). The exception of lis pendens has the same requirements as the exception of res judicata, and is properly granted when the suits involve the same transaction or occurrence between the same parties in the same capacities.
 
 Domingue,
 
 supra.
 

 IflWarraer
 
 v. Carimi Law Firm,
 
 98-613 (La.App. 5 Cir. 12/16/98), 725 So.2d 592, 601.
 

 
 *958
 
 In this case, the record is clear that at the time the merits of Mr. Velez’s Exception of Lis Pendens was heard in the Jefferson Parish proceeding on February 15, 2008, Mrs. Velez’s original Motion to Increase was still pending in the Orleans Parish proceeding. As of that time, the judge in the Orleans Parish proceeding had not yet ruled on Mr. Velez’s Motion for New Trial following the grant of Mrs. Velez’s ex parte Motion to Withdraw the Motion to Increase Child Support that she had previously filed in the Orleans Parish proceeding.
 

 The record and the parties’ pleadings show that Mrs. Velez filed a Motion to Increase Child Support in the Orleans Parish proceeding a mere two months prior to filing her almost identical Motion to Increase Child Support in the Jefferson Parish proceeding. Moreover, her Motion to Increase Child Support in the Jefferson Parish proceeding was filed a mere thirteen days after the hearing on her similar Motion in the Orleans Parish proceeding was continued. It is accordingly undisputed that at the time Mrs. Velez filed her Motion to Increase Child Support in the Jefferson Parish proceeding, the same parties (Mr. and Mrs. Velez) were involved in two separate suits (the Orleans Parish proceeding and the Jefferson Parish proceeding) involving the same transaction or
 
 occurrence
 
 in the same capacities (a Motion for Increase of Child Support filed by Mrs. Velez against Mr. Velez). As such, in accordance with the provisions of LSA-C.C.P. art. 531, and the holdings of
 
 Do-mingue
 
 and
 
 Warner, supra,
 
 Mr. Velez had the right to have all but the first suit (the Orleans Parish proceeding) dismissed by timely excepting thereto. Since Mrs. Velez’s Motion to Increase Child Support filed in the Orleans Parish proceeding was still pending when she filed her almost identical Motion to |inIncrease Child Support in the Jefferson Parish proceeding, the district court did not err in granting Mr. Velez’s Exception of Lis Pendens.
 

 CONCLUSION
 

 For the reasons set forth above, we affirm the judgment of the district court granting Mr. Velez’s Exception of Lis Pen-dens.
 

 AFFIRMED.
 

 [1]
 

 . The record of the Orleans Parish proceeding is not in evidence in this case, with the exception of Mr. Velez's exhibit 2 that was introduced at the hearing on the Exception of Lis Pendens that took place on January 23, 2009. Accordingly, references to the Orleans Parish proceeding are gleaned from the parties’ pleadings in this record and from their appellate briefs.
 

 [2]
 

 . The judgment from the Orleans proceeding signed on August 18, 2008 that dismissed Mrs. Velez's Motion to Increase Child Support in the Orleans Parish proceeding with prejudice mischaracterizes her motion as one to decrease child support, rather than to increase child support.
 

 [3]
 

 . It is represented in the transcript of the hearing on January 23, 2009 that Mrs. Velez filed a pleading titled as a motion to "withdraw" relative to her pending Motion to Increase Child Support in the Orleans Parish proceeding, rather than a pleading entitled "motion to dismiss.”
 

 [4]
 

 . We note here that Mrs. Velez's reliance on LSA-Ch.C. art. 1306.7, relative to the permissible grounds upon which to object to registration of an intrastate support order, is misplaced. That article is part of the Uniform Interstate Family Support Act, which pertains to the registration of support orders from other states. It does not apply to intrastate support orders.