LOLLEY, J.
|, Jeremiah Goutreaux appeals the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, making a foreign judgment executory in favor of his former spouse, Brandi Goutreaux. For the following reasons, we affirm the trial court’s judgment.
Facts
At the time Jeremiah Goutreaux and Brandi Goutreaux divorced, they were both domiciled in Acadia Parish, Louisiana, which falls under the jurisdiction of the Fifteenth Judicial District Court, Parish of Acadia, State of Louisiana (the “Fifteenth JDC”). In that court, the following judgments were rendered: a Stipulated Judgment and Joint Custody Implementation Plan on December 16, 2009, and an Amended Stipulated Judgment on August 16, 2010.
At some point in time, Brandi, with the couple’s child, moved to Caddo Parish. After having lived in Caddo Parish for at least six months, Brandi filed her Petition to Make Foreign Judgment Executory and Petition for Increase in Child Support, and For Attorney Fees in the First Judicial District Court, Parish of Caddo, State of Louisiana (the “First JDC”). Jeremiah was served, and he filed an objection. A hearing was set and then continued by the trial court. However, the continuance and resetting inadvertently went unnoticed by the trial court and Brandi’s attorney, and the hearing on her petition went forward without Jeremiah’s attorney present. At that hearing, Brandi reserved her right to seek an increase in child support, but gave testimony as to why she sought an amendment in the |;>drop-off time for Jeremiah’s visitation with their child. The trial court considered her testimony and entered judgment in her favor.
When the continued hearing date subsequently arrived, the parties appeared again. The trial court noted its mistake as to overlooking the continued hearing date and heard the parties’ arguments regarding Brandi’s petition to make the child support judgment executory in the First JDC. Brandi requested the trial court adopt the findings made from the first hearing, with no objection by Jeremiah. Following the continued hearing, judgment was entered in favor of Brandi making the Fifteenth JDC judgment executory and *937 revising the exchange time of the child. Jeremiah now appeals.
Discussion
On appeal, Jeremiah raises only one assignment of error, arguing that the trial court erred in making the judgment of the Fifteenth JDC executory in the First JDC. Specifically, Jeremiah argues it was error to rely on the holding in McIntyre v. Becker, 2005-0257 (La.App. 4th Cir.08/03/05), 918 So.2d 40, over the specific dictate of La. C.C.P. art. 2786(A), which states, in pertinent part, “A support order rendered by a court of this state may be registered for modification in another court of this state if all parties to the order are no longer domiciled in the parish of the rendering court.”
Here, the trial court was not in error in relying on McIntyre, supra, in making the judgment of the Fifteenth JDC executory in the First JDC. The facts in McIntyre are essentially identical to the facts at hand-an ex-wife sought to have a Calcasieu Parish judgment made executory in Orleans ^Parish, where she had relocated, for purposes of modifying a child support order. The ex-husband objected, but the trial court allowed the judgment to be made executory. In the case sub judice, the trial court specifically noted the following from McIntyre:
We find ... that [the defendant’s] reb-anee on the provisions set forth in La. C.C.P. arts. 2785, et seq., for intrastate registration of support orders for modification and enforcement is misplaced. Those provisions are designed to address the situation in which the rendering court is divested of jurisdiction because the parties no longer reside there, and the registering court is vested with jurisdiction. They do not, as [the defendant] suggests, establish exclusive jurisdiction in the rendering court when, as here, one party still resides there.
Id. at 45. The trial court’s reliance on McIntyre for these reasons was not in error and we agree with the trial court regarding the reasoning by the Fourth Circuit. Further, we point to these observations by the McIntyre court:
If registered and confirmed, a proceeding to modify the support order must be brought in the parish of the registering court {except the parish of domicile of the person awarded support is always allowed). The prior court is divested of jurisdiction to modify the support order. La. C.C.P. art. 2789(B). (Emphasis added).

Id.

Furthermore, Brandi correctly asserts that venue is proper in the First JDC under La. C.C.P. art. 74.2(D), which states, “A proceeding to register a child support, medical support, and income assignment order, or any such order issued by a court of this state for modification, may be brought in the parish where the person awarded support is domiciled.” Considering that Brandi is “the person awarded support,” and she currently is domiciled in Caddo Parish, the proceeding to modify her support order is proper in that parish, i.e., the First JDC. The trial court did not err in its judgment making |4the Fifteenth JDC judgment executory in the First JDC; therefore, Jeremiah’s assignment of error is without merit.
Conclusion
For the foregoing reasons, the judgment in favor of Brandi Hopkins Goutreaux is affirmed, with costs of this appeal assessed to Jeremiah Goutreaux.
AFFIRMED.