DRAKE, J.
1 ?This is an appeal by defendant, Deborah Roberson, from a judgment overruling her declinatory exception pleading the objections of improper venue and lis pendens and her peremptory exception pleading the objections of res judicata and no right of action.[1] For the reasons that follow, we convert the appeal to an application for supervisory writ of review, we grant the writ, reverse the judgment in part, and render judgment in part, and remand the matter to the district court, with instructions.

FACTS AND PROCEDURAL HISTORY

Deborah Roberson and Anthony Roberson were divorced in the 24th Judicial District Court (24th JDC) for the Parish of Jefferson and signed a consent judgment addressing spousal support and other incidental matters on January 22, 2003. One of the provisions of the consent judgment required Anthony Roberson to pay Deborah Roberson permanent spousal support in the amount of eight hundred dollars ($800.00) per month from April 1, 2004, until March 30, 2007. The consent judgment further required that beginning April 1, 2007, Anthony Roberson was to pay Deborah Roberson five hundred dollars ($500.00) per month, until her death or remarriage, which occurred first. Anthony Roberson filed a rule to show cause why alimony should not be modified on *564 June 16, 2010, in the 24th JDC. Deborah Roberson filed a rule to increase final spousal support with incorporated memorandum, on September 3, 2010, also in the 24th JDC. Both parties entered into an agreement to dismiss both of the rules with prejudice in October 2010.
On April 11, 2012, Anthony Roberson filed a petition to make judgment executo-ry and motion to terminate spousal support in the 21st Judicial District | ¡¡Court (21st JDC) for Livingston Parish. Anthony Roberson alleged that he was a domiciliary of St. Tammany Parish and that Deborah Roberson was a domiciliary of Livingston Parish. Deborah Roberson responded to the petition with exceptions of improper venue, lis pendens, res judicata, no right of action, and vagueness.
All of the exceptions filed by Deborah Roberson were heard by the 21st JDC. The trial court rendered a judgment overruling all of the exceptions, other than the exception of vagueness, which was sustained. Anthony Roberson was given fifteen (15) days to amend his petition, in connection with the exception of vagueness, which he did on September 18, 2012. Deborah Roberson appeals from the judgment overruling the remainder of her exceptions.

ASSIGNMENTS OF ERROR

Deborah Roberson assigns as error that the trial court erred in denying her exceptions of improper venue, lis pendens, res judicata, and no right of action. This court addresses only the denial of the exception of venue.

APPELLATE JURISDICTION

We must first determine whether the trial court’s judgment is a final appeal-able judgment. Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Shapiro v. L & L Fetter, Inc., 2002-0933 (La.App. 1 Cir. 2/14/03), 845 So.2d 406, 408. This court’s appellate jurisdiction extends to “final judgments.” See La. C.C.P. art. 2083(A). “An interlocutory judgment is appealable only when expressly provided by law.” La. C.C.P. art. 2083(C). A final judgment is one that determines the merits of a controversy, in whole or in part. In contrast, an interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. C.C.P. art. 1841. There is no statute or codal authority that expressly permits an appeal from a denial of exceptions of venue, lis pendens, res judicata, or no right of action. Therefore, because the instant case seeks appellate review of an | ¿interlocutory judgment that is not expressly provided for by law, the appeal is not properly before this court.
This court issued a rule to show cause why the instant appeal should or should not be dismissed pursuant to Article 2083. In response, Deborah Roberson requested that this court exercise its supervisory jurisdiction and convert this appeal to a writ application. An appellate court has broad discretion to convert an appeal to an application for supervisory review, and because we find error in the trial court judgment, which in the interest of judicial economy should be corrected, we will convert this appeal to an application for supervisory writs. See Stelluto v. Stelluto, 2005-0074 (La.6/29/05), 914 So.2d 34, 39.

LAW AND ANALYSIS

Deborah Roberson and Anthony Roberson entered into a consent judgment governing spousal support and other incidental matters in the 24th JDC. Anthony Roberson attempted to modify the spousal support owed to Deborah Roberson in the 24th JDC, and Deborah Roberson at *565 tempted to increase the spousal support owed her in the 24th JDC. After meeting with the judge, both parties voluntarily dismissed their actions. Anthony Roberson subsequently filed the instant petition to make the consent judgment executory and motion to terminate spousal support in the 21st JDC. Anthony Roberson asserts that venue is proper in Livingston Parish, since Deborah Roberson is currently a domiciliary of that parish. Furthermore, Anthony Roberson no longer resides in Jefferson Parish and is a domiciliary of St. Tammany Parish. Anthony Roberson relies on La. C.C.P. art. 74.2(D), which provides:
A proceeding to register a child support, medical support, and income assignment order, or any such order issued by a court of this state for modification, may be brought in the parish where the person awarded support is domiciled.
[fiThe comments to Article 74.2 define “support” as “including] both child and spousal support.” La. C.C.P. art. 74.2, comment (d); See also, La. C.C.P. art. 2785(4). Therefore, Anthony Roberson argues that an action for modification of spousal support can be brought in the parish where the person awarded the support is domiciled. Anthony Roberson’s argument is premature and misplaced. Article 74.2(D) applies to “a proceeding to register” a support award, not one to modify a support award.
Deborah Roberson asserts that La. C.C.P. art. 74.2(C) only allows the proceeding for a modification of a support order to be filed in the parish of her domicile if the award has been registered pursuant to La. C.C.P. art. 2785. Article 74.2(C) provides, in pertinent part:
A proceeding for modification of support may be brought in any of the following:
(1) The parish where the person awarded support is domiciled if the award has been registered in that parish pursuant to the provisions of Article 2785 et seq., regardless of the provisions of Article 2786(A) relative to the domicile of the parties.
(2) The parish where the support award was rendered if it has not been registered and confirmed in another court of this state, pursuant to the provisions of Article 2785 et seq.
(Emphasis added.)
The above bolded language was added by 2010 La. Acts, No. 689, § 1, eff. June 29, 2010. A history of Article 74.2 is relevant to this proceeding. By 1987 La. Acts, No. 417, § 1, the legislature added a new Paragraph (C), which allowed a “party seeking modification of support against a resident to bring the action in the parish of the awardee or in the original court.” 1987 La. Acts, No. 417, comment (b). The stated purpose of adding Paragraph (C) was “to give separate treatment for a proceeding for modification of support.” 1987 La. Acts, No. 417, comment (b). Article 74.2(C) was again modified in 1997 and provided, in pertinent part:
IrA proceeding for modification of support may be brought in any of the following:
(1) The parish where the person awarded support is domiciled.
(2) The parish where the support award was rendered if it has not been registered and confirmed in another court of this state, pursuant to the provisions of Article 2785 et seq.
See 1997 La. Acts, No. 603, § 1.
As previously noted, the 2010 amendment clearly altered Article 74.2(C)(1) and limited the filing of a proceeding for a modification of a support award to the parish where the person awarded support *566 is domiciled if the award was registered in that parish pursuant to Article 2785 et seq. However, the only manner to comply with Article 2785 et seq. is to have the obligee[2] initiate the registration of the support order pursuant to the provisions of Article 2786. Furthermore, Article 74.2(C)(2) provides that if a support award has not been registered and confirmed in another court of this state pursuant to Article 2785 et seq., then the proceeding for modification of support is to be brought in the parish where the support award was rendered, in this case Jefferson Parish. It is true, that prior to the 2010 amendment, venue was proper “where the person awarded support [was] domiciled.” La. C.C.P. art. 74.2(C), as amended by 1997 La. Acts,, No. 603 § 1.
At the same time Article 74.2 was amended by 1997 La. Acts, No. 603 § 1, La. C.C.P. art. 2785 et seq., Intrastate Registration of Support Orders for Modification and Enforcement (“Intrastate Registration statute”) was also enacted. Louisiana Code of Civil Procedure article 2785 provides:
For purposes of this Section:
(1) “Confirmed registered support order” means a support order registered pursuant to the provisions of Article 2786 and subsequently confirmed by a registering court or operation of law pursuant to the provisions of Article 2788(A)(2) or (B) or Article 2793(A)(2), (A)(3), or (B).
|7(2) “Rendering court” means the district or, if applicable, family or juvenile court which rendered the support order.
(3) “Registering court” means the district or, if applicable, family or juvenile court in which a support obligation rendered by another court of this state has been filed.
(4) “Support order” means a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney fees, and other relief.
(5) “Party to a support order” means the obligee of a support order, or the state of Louisiana, Department of Children and Family Services, or similar agency of another jurisdiction or state when supplying support services as defined in or substantially similar to R.S. 46:236.1(A)(7), or under the Uniform Interstate Family Support Act (UIFSA), or in performance of its official duties under Title IV, Subchapter D of the Social Security Act as stated in 45 C.F.R. 301.1.
(Emphasis added; footnote deleted.)
In the original version of the Intrastate Registration statute, there was no definition of “party to a support order.” Therefore, the legislature added the definition and defined it as the “obligee of a support order” or the “state of Louisiana, Department of Children and Family Services, or similar agency of another jurisdiction or state.” La. C.C.P. art. 2785(5).[3]
*567 Louisiana Code of Civil Procedure article 2786 provides the method by which a “party to a support order” may proceed to register such a support order as follows:
A. A support order rendered by a court of this state may be registered for modification in another court of this state if all parties to the order are no longer domiciled in the parish of the rendering court.
|SB. A party to a support order [obli-gee] seeking to register the support order pursuant to the provisions of this Subsection shall transmit to the clerk of the registering court all of the following:
(1) A certified copy of the support order.
(2) A verified statement of support or a federally approved URESA or UIF-SA form, signed by a party to the support order, indicating all of the following:
(a) The name and street address of the obligee.
(b) The name, last known place of residence, and post office or street address of the obligor.
(c) A list of all the jurisdictions in which the order is registered.
C. Upon receipt of these documents, the clerk of court shall:
(1) Treat the documents as if they were a petition seeking relief relative to a family law matter by assigning a docket number and, if applicable, designate a division to which the matter is allotted.
(2) Register the support order by stamping or making a notation thereof on the certified copy of the support order in substantially the following form: “REGISTERED FOR MODIFICATION by the Clerk of the [District, Family, or Juvenile] Court in and for the Parish of [name of parish] on [date].”
(3) (a) Send a copy of the registered support order, by certified or registered mail, to the obligor at the address provided in the verified statement of support, or
(b) Issue service of process as permitted by law and notice of registration in lieu of citation, which shall be served by ordinary process.
(4) Issue notice of the registration to the rendering court or, if the support order has been previously registered and confirmed for modification in another court of this state, to the last registering court.
D. The filing of a support order in compliance with the provisions hereof constitutes registration of the support order for modification, and if subsequently confirmed, shall divest the rendering court, or if registered in another court for modification, the court of last registration, of jurisdiction to modify the support order.
(Emphasis added.)
If an obligor objects to such registration, he has twenty days from the date of mailing of notice or from the date of service of process, as required by Article 1 n2786(C)(3), service to register an objection with the registering court. La. C.C.P. art. 2787.
As Deborah Roberson points out to this court, there is no method in the Intrastate Registration statute authorizing the obligor to register a support order in another court and no method by which the clerk of court is to notify the obligee. Clearly, the legislature intended for the obligee, not the obligor, to be able to register a support order in another court for enforcement and modification.
*568 It is presumed that every word, sentence, or provision in law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Citywide Testing & Inspections, Inc. v. Bd. of Ethics for Elected Officials, 96-1656 (La.App. 1 Cir. 5/9/97), 693 So.2d 1812, 1815, wnt denied, 97-1509 (La.10/3/97), 701 So.2d 198. The Legislature has included both Paragraphs (C) and (D) in Article 74.2. Anthony Roberson argues that (D) applies and (C) is meaningless. Such an interpretation violates the well-accepted rules of interpretation that every provision in the law was intended to serve some useful purpose.
It is a well-recognized principle of statutory construction that legislation addressing a more particularized subject matter prevails over more generalized legislation. See Corbello v. Sutton, 446 So.2d 301 (La.1984); Louisiana Land Acquisition, LLC v. Louisiana Dept. of Environmental Quality, 2011-2037 (La.App. 1 Cir. 7/18/12), 97 So.3d 1144, 1148, unit granted in part, 2012-1872 (La.11/16/12), 103 So.3d 358.
Therefore, this court must apply Article 74.2(C), which provides that a “proceeding for modification of support may be brought” in any of several parishes. However, to be brought in the parish where the person awarded support is domiciled, the award must have been registered in that parish pursuant to the Intrastate Registration statute. See La. C.C.P. art. 74.2(C)(1). When the support | inaward has not been registered and confirmed in another court pursuant to the Intrastate Registration statute, the modification proceeding is to be brought in the parish where the support award was rendered. La. C.C.P. art. 74.2(C)(2).
Deborah Roberson argues that the Intrastate Registration statute does not permit Anthony Roberson to modify a spousal support order in another parish even though she has moved to that parish. The Intrastate Registration statute requires “[a] party to a support order seeking to register the support order” to transmit certain documents. La. C.C.P. art. 2786(B). As noted previously, the statute defines a “party to a support order” as “the obligee of a support order, or the state of Louisiana, Department of Children and Family Services or similar agency of another jurisdiction ...” La. C.C.P. art. 2785(5). Furthermore, Article 2786 requires, upon receipt of certain documents, that the clerk of court is to perform several functions, including sending a copy of the documents to the obligor. La. C.C.P. art. 2786(C)(3). There is no provision in the Intrastate Registration statute for the obligor to register a support order in another parish nor for the clerk of court to notify the obligee of the registration of a support order.
Legislative intent is the fundamental question in all cases of statutory interpretation, and rules of statutory construction are designed to ascertain and enforce the intent of the statute. State v. Campbell, 2003-3035 (La.7/6/04), 877 So.2d 112, 117. It is presumed that the Legislature enacts each statute with deliberation and with full knowledge of all existing laws on the same subject. Id. Thus, legislative language will be interpreted on the assumption that the Legislature was aware of existing statutes, rules of construction, and judicial decisions interpreting those statutes. It is further presumed that the Legislature intends to achieve a consistent body of law. Id.
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not h dead to absurd consequences, the law shall be applied as written and no further interpre *569 tation may be made in search of the intent of the Legislature. In re Clegg, 2010-0323 (La.7/6/10), 41 So.3d 1141, 1154. The meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting the law. Id.
There is simply no intent in the Intrastate Registration statute for it to allow the obligor to register a support order in any court other than the court that rendered the support order. La. C.C.P. art. 2785(2). Appellant cites no cases that allow an obligor to a support order to register a support order in another court because the obligee has moved to another parish.[4] Taking the Intrastate Registration statute as a whole, it is only the obligee who may register a support award and only the obligor who receives notice.
The statutory scheme for the registration of intrastate support orders for modification is found in La. C.C.P. art. 2785 through 2790. Those articles contemplate two distinct actions: first, the registering of the support order in the registering court (here Livingston Parish), and second, the confirmation of that order by the registering court. The statute contains various procedural requirements that must be met in order for a registered support order to be confirmed. It is only upon confirmation of the registered support order by the registering court that the rendering court, or court of last registration, is divested of | ^jurisdiction to modify the support order. La. C.C.P. art. 2786(D); Pittman v. Velez, 09-305 (La.App. 5 Cir. 12/29/09), 30 So.3d 953, 957. The mere registration of the support order does not empower the registering court to modify the support order until such order is confirmed. Id.
The 21st JDC never obtained jurisdiction over this matter and cannot do so without the obligee, Deborah Roberson, filing for registration and confirmation of the consent judgment entered by the 24th JDC. See La. C.C.P. arts. 2785 and 2786. The pertinent venue statute, Article 74.2, also contemplates that a modification of a support award be treated separately than other venue cases. The specific requirements are contained in Article 74.2(C). Due to the changes to Article 74.2(C) by the legislature, it is clear that the legislature intended to treat modification of support awards in a certain manner, which allows the obligee, not the obligor, to be able to register a support award in a court other than the rendering court should both parties no longer be domiciled in the parish of the rendering court. See La. C.C.P. art. 74.2(C), La. C.C.P. art. 2785(5), and La. C.C.P. art. 2786(A) and (B). Absent the registration and confirmation in another parish, the obligor must file any action to modify an award of support in the parish of the rendering court.
*570 CONCLUSION
Accordingly, this court converts the appeal to a supervisory writ. Exercising our supervisory jurisdiction, we find the trial court erred in overruling the exception of improper venue, and the trial court’s ruling on this issue is reversed. The trial court’s remaining rulings are hereby vacated. Because we find that Livingston Parish is an improper venue, we remand this matter to the 21st JDC and order the district court to transfer Anthony Roberson’s motion to terminate spousal support to the 24th JDC. Having so ordered, we pretermit discussion of the | isremainder of Deborah Roberson’s exceptions. All costs of this appeal are assessed to Anthony Roberson.
APPEAL CONVERTED TO APPLICATION FOR SUPERVISORY WRIT, WRIT GRANTED, AND MADE PEREMPTORY. JUDGMENT REVERSED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS.

. Deborah Roberson also filed a dilatory exception pleading the objection of vagueness, which was sustained by the trial court and was not appealed.

. See La. C.C.P. art. 2785(5).

. The legislature clearly contemplated allowing both the "obligee” and "obligor” to have the right to register a support order to modify it in a parish different than that rendered. During the 1999 legislative session, there was a proposed law to change "the persons to whom the registration provisions apply from ‘obligees’ to ‘parties to a support order' and define[ ] such persons as either the obligee or the obligor of the support order.” Louisiana Bill Digest, Original Digest, 1999 Reg. Sess. S.B. 586. However, the legislature never changed the definition of "parties to a support order” to include the obligor. See La. C.C.P. art. 2785(5).

. The cases which this court has found, McIntyre v. Becker, 2005-0257 (La.App. 4 Cir. 8/3/05), 918 So.2d 40, and Goutreawc v. Goutreaux, 41,769 (La.App. 2 Cir. 1/16/13), 109 So.3d 935, allowed an obligee to register a support order in another court. In Nezat v. Guzman, 2010-1833 (La.App. 1 Cir. 5/6/11), 2011 WL 2616830 (unpublished opinion), the obligor did file to have a custody order registered in the parish of his ex-wife’s domicile. However, at the time of that filing, Article 74.2 permitted the filing to be in the parish of the domicile of the person awarded support without reference to Article 2785, et seq. Article 74.2 has since been modified to limit the filing of modifications of support to a different court than the rendering court to be by an obligee. This court finds all of the above cases distinguishable.