SUCCESSIONS OF MILTON COTAYA AND
EDNA COTAYA

NO. 24-CA-39

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 837-862, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

December 05, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and Timothy S. Marcel

**<u>AFFIRMED</u>**
    **SJW**
    **MEJ**
    **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUB RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
LEE COTAYA, INDIVIDUALLY AND AS ADMINISTRATOR FOR THE
ESTATE OF EDNA COTAYA
J. Douglas Sunseri

COUNSEL FOR INTERVENOR/APPELLANT,
VICKI COTAYA TOSH
Leila M. Bonilla
Robert J. Daigre
George M. McGregor
Cesar R. Burgos
James A. Harry
William R. Penton, III

**WINDHORST, J.**

Appellant/succession representative, Vicki Cotaya Tosh, seeks review of the trial court's April 11, 2023 judgment[1] dismissing her Petition to Open Succession, Probate Will and Confirm Administrator in docket number 837-862. For the following reasons, the trial court's judgment is affirmed.

**PROCEDURAL HISTORY**

The Succession of Milton E. Cotaya, Jr. was filed in 2015 in the 22nd Judicial District Court ("JDC") of St. Tammany Parish by Ms. Tosh. The Succession of Edna B. Cotaya was filed in 2016 in the 22nd JDC of St. Tammany Parish by appellee/succession representative, Lee Cotaya ("Mr. Cotaya").[2] The cases were subsequently consolidated in 2017 (also referred to herein as "the first filed lawsuit"). The parties engaged in continuous litigation until August 22, 2022, when Ms. Tosh filed an exception of lack of subject matter jurisdiction. On December 9, 2022, the trial court (1) granted Ms. Tosh's exception of lack of subject matter jurisdiction; (2) denied Ms. Tosh's request to cast Mr. Cotaya with all costs and reasonable attorney's fees; (3) denied Ms. Tosh's "demand to dismiss the Successions of Milton E. Cotaya and Edna B. Cotaya and their underlying Judgments;" and (4) "in the interest of justice," ordered "the Succession of Milton E. Cotaya and the Succession of Edna B. Cotaya along with all underlying pleadings, deadlines, and orders" to be transferred to the 24th JDC pursuant to La. C.C.P. art. 932 B. Ms. Tosh did not appeal, or collaterally attack any part of this judgment.

After the costs to transfer the first filed lawsuit were paid by Mr. Cotaya[3] and while the transfer was pending, Ms. Tosh filed a new "Petition to Open Succession,

---

[1] The record shows that docket no. 837-862 did not contain a separate judgment for this court to review. The trial court was informed that the rulings for no. 837-862 were improperly included in the April 11, 2023 judgment for no. 838-243 consolidated with no. 838-251. The trial court subsequently rendered a separate judgment for this case, no. 837-862, on August 2, 2024.

[2] Milton and Edna Cotaya were married and had six children: Milton E. Cotaya, III, Terrence M. Cotaya, Sr., Cathy Cotaya Reed, Lee M. Cotaya, Vicki Cotaya Tosh, and Trudi Cotaya Blackwood.

[3] It is undisputed that the trial court ordered Ms. Tosh to pay the costs to transfer the first filed lawsuit, and that Ms. Tosh refused or otherwise failed to pay the costs for the transfer.

Probate Will and Confirm Administrator," captioned <u>Successions of Milton Cotaya and Edna Cotaya</u>, docket number 837-862 in the 24th JDC (also referred to herein as "the second filed lawsuit"). It is undisputed that Ms. Tosh and her counsel failed to inform the trial court of the December 9, 2022 judgment and pending transfer of the first filed lawsuit (subsequently filed in the 24th JDC under docket numbers 838-243, <u>Succession of Edna B. Cotaya</u>, and 838-251, <u>Succession of Milton E. Cotaya, Jr.</u>). It is further undisputed that Ms. Tosh and her counsel also failed to notify Mr. Cotaya, the succession representative of the <u>Succession of Edna B. Cotaya</u> and heir in the first filed lawsuit, of the existence of the second filed lawsuit, despite knowledge of the December 9, 2022 judgment and subsequent transfer of the first filed lawsuit to the 24th JDC.

In response to the second filed lawsuit, docket number 837-862, Mr. Cotaya, in his capacity as administrator for the <u>Succession of Edna B. Cotaya</u>, filed a "Motion and Incorporated Memorandum to Remove Vicki Tosh as Executrix and Dismiss These Proceedings," ("motion to dismiss") seeking to dismiss the "improperly" second filed lawsuit in which she was appointed executrix, because the first filed lawsuit was transferred by judgment from the 22nd JDC to the 24th JDC and has been pending for over seven (7) years. Mr. Cotaya also contended that Ms. Tosh made no attempts to notify any other parties to the existing first filed lawsuit of the new second filed lawsuit, despite her knowledge of the pending transfer. Ms. Tosh filed an opposition to the motion to dismiss and a "Motion to Strike Lee Cotaya's Motion to Dismiss" ("motion to strike"), arguing that the proceedings in the first filed lawsuit were absolutely null, and that Mr. Cotaya did not have standing to bring the motion to dismiss because he did not intervene in the second filed lawsuit, which she argued was actually the first to be filed. The trial court set Mr. Cotaya's motion to dismiss and Ms. Tosh's motion to strike for hearing on April 3,

2023, the same day as motions were set in the first filed lawsuit (docket numbers 838-243 and 838-251).

After a contradictory hearing, the trial court rendered judgment (1) granting Mr. Cotaya's motion to dismiss and dismissing Ms. Tosh's new petition filed in docket number 837-862; and (2) denying Ms. Tosh's motion to strike.

This appeal followed.

**LEGAL ANALYSIS**

On appeal, Ms. Tosh contends the trial court erred in considering Mr. Cotaya's motion to dismiss and dismissing her petition in docket number 837-862. First, Ms. Tosh asserts that an exception of *lis pendens* was not filed in this proceeding (*i.e.*, Mr. Cotaya filed a motion to dismiss the petition not an exception of *lis pendens*) and that "it makes no legal sense to dismiss the first filed lawsuit with or without an exception of *lis pendens*." Even if the trial court determined that the consolidated successions were subject to an exception of *lis pendens*, Ms. Tosh asserts that her petition filed in docket number 837-862 was filed first in the 24th JDC, as indicated by the lower docket number, and therefore, it should not have been dismissed. Secondly, Ms. Tosh claims that Mr. Cotaya had no standing to file his motion to dismiss in docket number 837-862 because he did not intervene in this case.

It is clearly established in Louisiana law that courts should look past the caption of pleadings in order to ascertain their substance and to do substantial justice to the parties. La. C.C.P. art. 865; Lawrence v. Ashton Plantation Home Owners Association, Inc., 22-122 (La. App. 5 Cir. 06/28/22), 344 So.3d 232, 238, writ denied, 22-1157 (La. 11/01/22), 349 So.3d 5, reconsideration not considered, 22-1157 (La. 01/18/23), 353 So.3d 129; Smith v. Cajun Insulation, Inc., 392 So.2d 398, 402 fn. 1 (La. 1980). Based on the record, the trial court considered Mr. Cotaya's motion to dismiss as an exception of *lis pendens*. After a careful review of the substance of Mr. Cotaya's motion to dismiss, we find the trial court did not err in

considering the substance of the motion to dismiss to be an exception of *lis pendens*. We further find Mr. Cotaya, as the succession representative of the Succession of Edna B. Cotaya, had standing to file the motion to dismiss in this second filed lawsuit.

"The doctrine of *lis pendens* prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities." Aisola v. La. Citizens Prop. Ins. Corp., 14-1708 (La. 10/14/15), 180 So.3d 266, 269; Bufkin v. Motwani, 23-412 (La. App. 5 Cir. 03/27/24), 385 So.3d 368, 371. "When two or more actions are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the **first action** dismissed by excepting thereto . . ." La. C.C.P. art. 531. (Emphasis added.) Thus, three requirements must be satisfied for dismissal of a suit pursuant to an exception of *lis pendens*: (1) there must be two or more suits pending in a Louisiana court or courts; (2) the suits must involve the same transaction or occurrence, and (3) the suits must involve the same parties in the same capacities. Black v. Exxon Mobil Corp., 14-524 (La. App. 11/25/14), 165 So.3d 1013, 1015; Marco Outdoor Advertising, Inc. v. KFK Group, Inc., 20-204 (La. App. 5 Cir. 11/16/20), 307 So.3d 339, 344.

The test for ruling on an exception of *lis pendens* is to inquire whether a final judgment in the first suit would be *res judicata* in the subsequently filed suit. Marco Outdoor Advertising, Inc., 307 So.3d at 344. In determining whether this requirement is met, the crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. Id.

The standard of review on a trial court's decision relating to an exception of *lis pendens* is whether the trial court abused its sound discretion. Id., citing Zen-Noh Grain Corp. v. Thompson, 13-110 (La. App. 5 Cir. 08/27/13), 123 So.3d 777, 780; Bufkin, *supra*. The party filing the exception of *lis pendens* has the burden of proving the facts necessary for the exception to be sustained. Id., citing Harris v. La. Citizens Prop. Ins. Co., 14-120 (La. App. 5 Cir. 10/29/14), 164 So.3d 216, 222.

The law is clear that evidence not properly and officially offered, introduced, and admitted into evidence cannot be considered, even though it is physically placed in the record. Denoux v. Vessel Mgmt. Servs., Inc., 07-2143 (La. 05/21/08), 983 So.2d 84, 88. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.[4] Id. However, La. C.E. arts. 201 (pertaining to judicial notice of adjudicative facts generally), and La. C.E. art. 202 (pertaining to judicial notice of legal matters) allow the trial court to take judicial notice regarding specific matters. Although a court may take judicial notice of its own proceedings, La. C.E. art. 202 does not allow, nor has it ever been interpreted to allow, courts to take judicial notice of lawsuit records in other courts. Shannon v. Vannoy, 17-1722 (La. App. 1 Cir. 06/01/18), 251 So.3d 442, 450. Documentation of other courts' proceedings must be offered into evidence in the usual manner. Id.; La. U.R.C.A., Rule 2-1.7.

A review of the record shows that Mr. Cotaya did not introduce any evidence in support of his motion to dismiss. Nevertheless, we find the trial court was in the unique position to have hearings pending in the first filed lawsuit *and* the second filed lawsuit on its docket on April 3, 2023. Therefore, we find the trial court was allowed to take judicial notice of the first and second filed lawsuits, the records of which clearly showed that the first filed lawsuit, which was transferred from the 22nd

---

[4] This now excludes the evidentiary provisions of La. C.C.P. art. 966 pertaining to motions for summary judgment, which did not exist at the time of the case cited, Denoux, *supra*, and similar cases.

JDC, was the first filed action, not the second filed lawsuit. The trial court also properly observed that Ms. Tosh, despite her knowledge of the pending transfer of the first filed lawsuit, improperly filed this second lawsuit, docket number 837-862.

Moreover, we find the second filed lawsuit "asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter" of the first filed lawsuit and involves the same parties in the same capacities. The fact that Ms. Tosh succeeded in filing a second lawsuit in the 24th JDC *while the transfer of the first filed lawsuit was pending*, does not mean that Ms. Tosh's petition, filed with a lower docket number, was the first filed lawsuit. Consequently, we conclude that Mr. Cotaya met his burden of proving the requirements for dismissal of the second filed lawsuit.

Accordingly, we conclude the trial court did not abuse its discretion in granting Mr. Cotaya's motion to dismiss, denying Ms. Tosh's motion to strike motion, and dismissing the second filed lawsuit, docket number 837-862. The costs of this appeal are assessed against appellant, Vicki Tosh.

**DECREE**

For the reasons stated herein, we affirm the trial court's judgment.

<u>**AFFIRMED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 5, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-39

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
J. DOUGLAS SUNSERI (APPELLEE)          GEORGE M. MCGREGOR (APPELLANT)          JAMES A. HARRY (APPELLANT)
ROBERT J. DAIGRE (APPELLANT)          WILLIAM R. PENTON, III (APPELLANT)

### MAILED
KATHRYN A. E. SUNSERI (APPELLEE)          CESAR R. BURGOS (APPELLANT)
ATTORNEY AT LAW                          LEILA M. BONILLA (APPELLANT)
3000 18TH STREET                         ATTORNEYS AT LAW
METAIRIE, LA 70002                       3535 CANAL STREET
                                         SUITE 200
                                         NEW ORLEANS, LA 70119